**Richard Jule FRONATT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53091.**

Court of Criminal Appeals of Texas.

Nov. 17, 1976.

Sam R. Wilson, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Charles D. Cottingham, Asst. Dist. Attys., Houston, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from an order revoking probation.

On November 12, 1973, the appellant was found guilty, upon his plea, of the felony offense of breaking and entering a coin-operated machine. His punishment was assessed at four (4) years probated. Condition (a) of appellant's probation was that he "Commit no offense against the laws of this State or of any other State or of the United States."

On May 16, 1975, the State filed its motion to revoke probation. The motion alleged that appellant violated condition (a) of his probation in that appellant

" . . . on or about May 13, 1975 committed the offense of Possession of Criminal Instruments in the 1400 block of Wood Hollow in Harris County, Texas."

On June 30, 1975, a hearing was held on the motion to revoke; at its conclusion, the court found that appellant had violated the terms of his probation

" . . . in that on or about the 13th day of May, A.D. 1975 (appellant) did unlawfully possess criminal instruments in Harris County, Texas with intent to commit theft, a felony."

Accordingly, the court revoked appellant's probation and imposed sentence.

By his first two grounds of error, appellant contends that the State's motion to revoke did not adequately allege a violation of the criminal law; that the language of

the allegation was too vague and indefinite to adequately apprise appellant of what he would be called upon to defend against; and that as such, the motion to revoke was fundamentally defective.

■ Without reaching the merits of these contentions, we note that appellant waived a reading of the motion to revoke probation and did not object to or request clarification of the State's allegation on the grounds now asserted. Such failure renders it unnecessary for this Court to consider the alleged grounds of error. *Willey v. State,* 501 S.W.2d 84, 85 (Tex.Cr.App. 1973); *McClure v. State,* 496 S.W.2d 588, 590 (Tex.Cr.App.1973) (and cases there cited).

Appellant's first two grounds of error are overruled.

■ By his next two grounds of error, the appellant contends that the revocation of probation cannot be sustained for violation of V.T.C.A., Penal Code, Sec. 16.-01(a)(1), because said statute is unconstitutional in that it is vague, indefinite, overbroad and fails to inform the public of what acts constitute criminal conduct. V.T.C.A., Penal Code, Sec. 16.01, entitled "Unlawful Use of Criminal Instruments", provides that:

"(a) A person commits an offense if:

(1) he possesses a criminal instrument with intent to use it in the commission of an offense; or

(2) with knowledge of its character and with intent to use or aid or permit another to use in the commission of an offense, he manufactures, adapts, sells, installs, or sets up a criminal instrument.

(b) For purposes of this section, 'criminal instrument' means anything that is specially designed, made, or adapted for the commission of an offense.

(c) An offense under this section is a felony of the third degree."

In *Universal Amusement Co. v. Vance,* 404 F.Supp. 33 (S.D.Tex.1975), *vacated in part on other grounds, sub nom. Butler v.*

*Dexter,* 425 U.S. 262, 96 S.Ct. 1527, 47 L.Ed.2d 774 (1976), there is found a discussion of Sec. 16.01. The court stated that from the clear language of the statute itself and the practice commentary thereto it can be seen that the statute

" . . . is a statute aimed at incipient crime—possession of a criminal instrument, with the specific intent to use the instrument in the commission of a crime. Not only is it not aimed at an instrument which has lawful uses, but it is not aimed at overt criminal actions at all." *Id.,* at p. 48.

\* \* \* \* \* \*

"The statute, Sec. 16.01 of the Texas Penal Code, is clearly drawn and very specific. . . . The statute was obviously designed to deal with a very small class of property which can be used only for the commission of crime and to deal with persons in possession of such property or engaged in the manufacture or adaptation of the property exclusively for use in criminal activities, before the criminal activities are undertaken or completed." *Id.,* at p. 51.

We subscribe to the views stated in *Universal,* and decline to hold Sec. 16.01 unconstitutional on the bare allegations that it is vague, indefinite and overbroad.

■ By his next ground of error, the appellant contends that the evidence is insufficient to show that he possessed criminal instruments at the time of his arrest. Furthermore, appellant contends that there was insufficient evidence to show that such instruments were specially designed, made or adapted for the commission of an offense.[1]

Houston police detective Joe Dickerson testified as to the nature of the paraphernalia possessed by the appellant and alleged to be criminal instruments. He said one such device was known as a Las Vegas pick and that it was designed to unlock the round lock found in Ace-type locks. He identified similar devices possessed by the appellant as being lock picks.

---

1. Appellant does not challenge the sufficiency of the evidence with regards to the proof that

he intended to use the lock picks in the commission of an offense.

Detective Dickerson further testified that the lock picks were functional. He based this opinion on many years of experience specializing in coin-operated machine burglaries, observation of similar lock picking devices, demonstrations by professional lock pickers, and conversations with manufacturers.

William Weber testified that he took care of coin-operated washers and dryers at various apartments in Houston, Texas. He further testified that many of the machines have an Ace-type lock.

Houston police detective D. H. Kendricks testified that the appellant was arrested at his apartment and given the Miranda warning. After Kendricks advised appellant of his legal rights, he asked him, "Where are the rest of your picks?" to which appellant responded "over there" and pointed to a room where Kendricks had found other lock picks, State's Exhibits 3 and 4. The appellant was standing approximately ten feet from the other paraphernalia at the time he made this response. This testimony was elicited without objection.

In *Bennett v. State,* 476 S.W.2d 281 (Tex. Cr.App.1972), we held that appellate review of a revocation of probation proceeding is limited to a determination of whether the trial court abused its discretion. We further held that in such a proceeding the trial court is the sole trier of the facts, the credibility of the witnesses and the weight to be given their testimony.

Appellant's ground of error relating to the sufficiency of the evidence is overruled.

■ In his final ground of error, the appellant contends that the trial court's finding did not constitute a finding that appellant committed a violation of the law. More specifically, appellant contends that the trial court did not find that appellant possessed the criminal instruments with the intent to *use* them in the commission of an offense, but only that appellant possessed "criminal instruments in Harris County, Texas with intent to commit theft." We observe that this contention was not brought to the attention of the trial court

at the revocation hearing. Thus, nothing is preserved for this Court to consider on review. *McClure, supra,* at 590.

The judgment of the trial court is affirmed.