James Henry RHODES, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–020–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 12, 1981.

H. William Johnson and Terrence Gaiser, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

James Henry Rhodes (Appellant) appeals a jury conviction for sexual abuse of a child and the punishment assessed by the same jury of life pursuant to Tex.Penal Code Ann. art. 12.42(d) (Vernon 1974). We affirm.

In his first ground of error, appellant contends the evidence is insufficient because the testimony of the prosecutrix

facially lacks truthfulness and credibility. A similar contention was before the Court of Criminal Appeals in *Hohn v. State*, 538 S.W.2d 619 (Tex.Cr.App.1976) wherein the defendant was also charged with sexual abuse of a child. The court stated that by its verdict of guilty, the jury apparently found the prosecutrix's testimony to be truthful and credible. An appellate court may not review the credibility of witnesses and the weight given their testimony, for these duties are within the exclusive province of the trier of fact. Tex.Code Crim. Pro.Ann. art. 36.13 (Vernon 1981); *Esquivel v. State*, 506 S.W.2d 613, 615 (Tex.Cr.App. 1974). Accordingly, we overrule appellant's first ground of error.

 Appellant asserts the indictment is fundamentally defective for failure to allege "contact" between the prosecutrix's mouth and appellant's genitals in his second ground of error. The offense of sexual abuse of a child is committed when an adult engages in "deviate sexual intercourse" with a child. Tex.Penal Code Ann. art. 21.10 (Vernon 1974). Article 21.01 defines "deviate sexual intercourse" as any contact between genitals of one person and the oral or rectal cavities of another. Tex.Penal Code Ann. art. 21.01 (Vernon 1974). The indictment language charges appellant with deviate sexual intercourse "by placing his penis in the mouth of the Complainant." The exact words of a statute need not be alleged when there is no material difference between its words and the language of the allegations. Tex.Code Crim.Pro.Ann. Art. 21.17 (Vernon 1974); *Nixon v. State*, 572 S.W.2d 699, 701–02 (Tex.Cr.App.1978). The statute at issue here neither uses nor requires the use of the term "contact", moreover, it is clear to this court that the meaning of the indictment language encompasses contact between appellant's genitals and the prosecutrix's mouth. In considering indictments, a court must consider both context and subject matter. *Butler v. State*, 551 S.W.2d 412, 413 (Tex.Cr.App.1977). We, therefore, find no merit to appellant's second ground of error and overrule it.

Appellant's third and fourth grounds of error are related and will be discussed together. Appellant complains the trial court, in failing to instruct the jury as to the weight to attribute to evidence showing a lapse of time between the offense and outcry required by Article 38.07 of the Code of Criminal Procedure, committed fundamental and reversible error. Appellant did not object to the lack of the instruction, nor did he request any instruction. The court's failure to instruct the jury pursuant to Article 38.07, in the absence of an objection or request for an instruction, does not constitute reversible error. *Martinez v. State*, 576 S.W.2d 854, 856 (Tex.Cr.App.1979). Appellant's third and fourth grounds of error are overruled.

For the above reasons we affirm the judgment.