Eloy RUIZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–055–CR.

Court of Appeals of Texas, Corpus Christi.

April 14, 1983.

Rehearing Denied May 12, 1983.

John Montalvo, Montalvo & Mendez, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of the offense of burglary of a habitation with intent to commit theft. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974). The jury which convicted the appellant assessed his punishment at 30 years confinement in the Texas Department of Corrections. Appellant brings four grounds of error, including a challenge to the sufficiency of the evi-

dence to show the required intent to commit theft. By pro se brief, appellant adds a fifth ground of error which charges that the indictment is insufficient to charge an offense. Because the appellant challenges the sufficiency of the evidence, a summary of the facts adduced at the trial will be helpful.

Early in the morning of January 10, 1979, Mrs. Maria Ramon of 4022 Ramsey, Corpus Christi, was awakened in her home by noises coming from her front door. She became frightened, telephoned her daughter and then locked herself in her bathroom. Mrs. Ramon testified that she had not given the appellant permission to enter her house that night. A short time later, the police arrived and found the front door of the Ramon house standing open, a window next to the front door broken with its screen cut. An automobile later identified as belonging to the appellant was parked in front of the house with its engine running. The police found the appellant hiding in a bedroom closet inside the Ramon house. They arrested him. In appellant's car, the police found a coin purse which Ramon identified as belonging to her and as having been taken from the house that night. Also found in appellant's automobile were several items identified as having been stolen from a nearby neighborhood bar which was also burglarized that evening, as well as numerous items identified as being taken in the January 9, 1980, burglary of the home of Mr. Raymond Joseph Reaves, also of Corpus Christi.

■■■ Appellant contends that the State did not prove beyond a reasonable doubt that appellant had the required intent to commit theft. Tex.Penal Code Ann. § 30.-02 (Vernon 1974). In determining the sufficiency of the evidence to uphold this conviction, we must apply the general rule that we view the evidence in the light most favorable to the verdict. *Darrington v. State,* 623 S.W.2d 414 (Tex.Cr.App.1981); *Vaughn v. State,* 607 S.W.2d 914 (Tex.Cr.App.1980). This being a jury-tried case, the jury was the sole judge of the weight and credibility of the evidence, and could accept

or reject any part or all of the testimony, including that of the defendant. *Johnson v. State,* 571 S.W.2d 170 (Tex.Cr.App.1978).

At the trial, the appellant testified that he did not intend to commit a theft. He said that he thought he had entered his cousin's house. The appellant admitted taking the coin purse, but stated that he thought it belonged to his cousin, and that he did not think of it as stealing.

■■■ The evidence of the method of entry into the Ramon home, the fact that appellant attempted to elude the police by hiding in the closet, the fact that he took Ramon's purse, and the evidence of appellant's possession of items taken in other recent burglaries are more than sufficient to allow the jury to infer the required intent. Viewing the evidence in the light most favorable to the verdict, we conclude that the evidence is sufficient to support the conviction.

■■■ Next, the appellant alleges the trial court erred in overruling appellant's motion for a second psychiatric examination. Prior to appellant's trial in this cause, appellant raised the issue of his competency to stand trial. The trial court appointed a psychiatrist to examine the appellant and report his findings, and scheduled a hearing on the issue. Tex.Code Crim.Pro.Ann. art. 46.02 §§ 3 & 4 (Vernon 1979). Appellant now claims that the psychiatrist's report did not comply with the Code of Criminal Procedure. Article 46.02, section 3(d) reads:

"A written report of the [psychiatrist's] examination shall be submitted to the court . . . . The report shall include a description of the procedures used in the examination, the examiner's observations and findings pertaining to the defendant's competency to stand trial, and recommended treatment."

We have examined the psychiatrist's report and find it fully in compliance with the Code of Criminal Procedure. This ground of error is wholly without merit and is overruled.

The appellant complains that the trial court erred in "allowing the State to im-

properly identify appellant in court." The appellant cites two places in the record where alleged improper "identification" was allowed. First, we note that the record reflects no objection to either of these incidents. Since appellant failed to object at trial, there is nothing presented to us for review. See *Esquivel v. State,* 595 S.W.2d 516 (Tex.Cr.App.1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978); *Thompson v. State,* 537 S.W.2d 732 (Tex.Cr.App. 1976).

Second, the record discloses that the so-called "identifications" complained of were not identifications at all. In both instances, the prosecutor, in the course of examining a burglary victim, pointed out the appellant and solicited from the witness the statement that he or she had not given the appellant permission to enter his or her home. Such testimony did not identify the appellant as the perpetrator of a crime, but was relevant to establish the element of lack of consent. This ground of error is overruled.

Appellant claims the trial court erred in allowing the State to present evidence over appellant's objection as to extraneous offenses. When intent is an issue, evidence of extraneous offenses which tend to show intent are admissible. *Crawley v. State,* 513 S.W.2d 62, 64 (Tex.Crim.App. 1974). Under the indictment in the present case, intent to commit theft was an element of the State's case. Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974). Appellant raised the issue of intent when he testified in his own behalf to the effect that he had mistakenly entered the wrong house. Only after this testimony was offered did the State introduce the evidence of the other burglaries. The admission of such evidence was not error.

Finally, we come to the ground of error raised by appellant's pro se brief. In this ground, appellant charges that the indictment is fundamentally defective in that it fails to allege all the necessary elements of the offense charged. See *Daniels v. State,* 573 S.W.2d 21 (Tex.Cr.App.1978).

The material portion of the indictment charges that the appellant

" ... did then and there with the intent to commit theft, enter his person into a building used as a habitation that was under the actual care, custody, and control of Maria Ramon without the consent of Maria Ramon.... "

Tex.Penal Code Ann. § 30.02 (Vernon 1974) provides, in part:

"(a) a person commits an offense if, without the effective consent of the owner, he:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; ... "

First, appellant argues that the indictment fails to allege the identity of the owner of the building in question. The Penal Code definition of "owner" includes a person who has possession of the property. Tex.Penal Code Ann. § 1.07(a)(24) (Vernon 1974). "Possession" means actual care, custody, control, or management. Tex.Penal Code Ann. § 1.07(a)(28) (Vernon 1974). Using these definitions together, one can readily see that the indictment quoted above identifies Maria Ramon as the owner of the building.

Appellant's second argument is that the indictment is defective because it fails to allege that appellant entered the habitation without the *effective* consent of the owner. The adjective "effective" is restrictive in its modification of the noun "consent." Proof that appellant entered without "consent" by necessity constitutes proof that the entry was without "effective consent." Therefore, the omission of the word "effective" from the indictment did not decrease the State's burden of proof.

An indictment need not use the exact words of the statute to describe an offense as long as there is no material difference between the statute's words and those of the indictment. *Rhodes v. State,* 624 S.W.2d 770 (Tex.App.1981); *Nixon v. State,* 572 S.W.2d 699 (Tex.Cr.App.1978); Tex.Code Crim.Pro.Ann. art. 21.17 (Vernon

1966).   An indictment is sufficient if it substantially tracks the statute.   See *Ellard v. State,* 507 S.W.2d 198 (Tex.Cr.App.1974). We therefore conclude that the indictment is sufficient to describe an offense, and is not fundamentally defective.

All of appellant's grounds of error are overruled.   The judgment of the trial court is affirmed.