**Thomas Ellis SIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 114 CR.**

Court of Appeals of Texas, Beaumont.

Feb. 6, 1985.

Rehearing Denied March 6, 1985.

James A. Clark, Woodville, Tex., for appellant.

Patrick O. Hardy, County Atty., Woodville, for appellee.

## OPINION

DIES, Chief Justice.

This is an appeal from a conviction for the offense of unlawful use of a criminal instrument. The jury assessed punishment, enhanced by two prior felony convictions, at confinement for 50 years.

Appellant, by his first ground of error, contends the court erred in overruling his two motions to quash the indictment. The indictment, omitting the formal parts, alleges:

> [D]id then and there adapt a criminal instrument, namely, home made coin-operated machine key, which said instrument was designed, made and adapted for the commission of an offense, namely, Burglary of Coin-operated Machine, with knowledge of the character of said instrument and with intent to use it in the commission of said offense.

The thrust of appellant's argument is that the language of the indictment is so indefinitely framed that he was not given notice of the offense with which he was charged, that the indictment should have alleged the manner and means "of what adaptation was made by the Defendant" and that he was "entitled ... to the allegation of facts sufficient to bar a subsequent prosecution for the same offense...."

*TEX.PENAL CODE ANN. § 16.01* (Vernon Supp.1985) provides as follows:

Section 16.01. Unlawful Use of Criminal Instrument

(a) A person commits an offense if:

(1) he possesses a criminal instrument with intent to use it in the commission of an offense; or

(2) with knowledge of its character and with intent to use or aid or permit another to use in the commission of an offense, he manufactures, adapts, sells, installs, or sets up a criminal instrument.

(b) For the purpose of this section, "criminal instrument" means anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made, or adapted for use in the commission of an offense.

. . . .

Appellant's motions to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. *Doyle v. State,* 661 S.W.2d 726 (Tex.Crim.App.1983). The general rule is that a motion to quash will be allowed if

the facts sought are essential to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied upon by the State. *Jeffers v. State*, 646 S.W.2d 185 (Tex.Crim.App.1981). An indictment that tracks the language of the appropriate statute is legally sufficient except in rare cases. *Phillips v. State*, 597 S.W.2d 929 (Tex.Crim.App.1980).

■ The manner and means of the "adaptation" process utilized by appellant is evidence of such "adaptation." Such evidentiary information need not be alleged in the indictment. See and compare *Phillips v. State, supra.* The allegations contained in the indictment were sufficient to apprise appellant of the offense with which he was charged and were sufficient to enable appellant to prepare his defense to such charge. The allegations in the indictment are certain enough for appellant to use a judgment based thereon as a plea in bar for further prosecution for the same offense. This ground is overruled.

Appellant, by his fourth ground of error, contends the court erred in overruling his motion for instructed verdict.

In viewing the evidence in the light most favorable to the verdict, we find the same to be sufficient to support the verdict.

An accomplice witness, Ron West, testified that he met appellant in San Antonio, Texas, about a week prior to the occasion in question. Appellant told him he had a key that they could use to open washing machines and dryers. They later met in Houston. West made a written statement which was introduced into evidence, without objection, wherein he stated:

When we would find a laundromat he would go in and try key [sic]. Some of the times it would not work so we would leave. He told me wehe [sic] to drive and when we came to a place he wanted to try, I would go in and be alook [sic] out for him.... [Appellant] had a tackle box with all sorts of gadgets in it. He worked on his keys and replaced the broken parts and used the rubber bands to adapt the key to different locks. He would never let me touch the key. He

said it was a delicate instrument. He said it would take an expert to make the key work....

Appellant and West drove to Woodville, Texas, and located a laundromat. They entered the laundromat while it was open to the public. Appellant then unlocked and opened at least four machines and removed coins therefrom. They were arrested at the scene.

Deputy Sheriff Skinner, one of the arresting officers, testified that when he reached the scene he saw appellant throw a bag into a garbage can. Upon removing the bag, Skinner found inside the bag quarters and a homemade coin-operated key and the key had rubber bands around it. He further testified that a tackle box recovered from appellant's vehicle contained parts that could be used to construct a homemade coin-operated machine key.

Deputy Sheriff Vardeman testified that the homemade key was a lock pick, also known as a homemade coin-operated machine key, and that, based upon his experience in working on cases involving criminal instruments, the only use for such keys were in burglaries of coin-operated machines. He stated, without objection, that there was no way to his knowledge to make the key work without adapting the little pins in it and also by using rubber bands to hold the tension.

The witness Loper testified that she watched appellant opening seven to ten machines at the laundromat with some sort of key and that she saw rubber bands but could not tell what appellant was doing with them.

Michael Myers testified that he saw appellant open the coin boxes in the laundromat. He stated that appellant would "fiddle" with the key before he put it into the lock, and that he, Myers, could see hand motions and a little bit of silver sticking out.

The witness Christine Tolar, one of the owners of the laundromat, testified that on the date of this incident the washers were located in a row but they did not have locks

that could be opened with the same key. They were located in such a manner that the same key would not unlock each washer. They were "mixed up" so as to require different keys.

■ The evidence briefly stated above was sufficient to support the action of the court in overruling appellant's motion for instructed verdict. This ground is overruled.

■ Appellant's fifth ground of error contends the court "erred in refusing Defendant's Requested Charge to the jury." We have compared the requested charge with the court's charge and find the requested charge to be substantially the same as the charge given to the jury. This ground is overruled.

Appellant's sixth ground of error contends the court erred in its charge with respect to certain instructions contained therein. Even though the ground of error is multifarious, we shall consider the same.

The thrust of appellant's argument is, quoting from his brief:

Nowhere in the body of Section 16.01 of the Texas Penal Code is unlawful use of a criminal instrument made a crime. The Texas Penal Code, Sec. 16.01, (A)(2) describes the prohibited conduct, for which offense the Defendant was indicted, "Adapting A Criminal Instrument." Nowhere is the Defendant charged with "Unlawful Use Of A Criminal Instrument." Said section does not address the offense in which a criminal instrument might be used.

■ In light of the argument made, we deem it unnecessary to quote the applicable portions of the charge. The charge states the offense with which appellant was charged. In the abstract portion of the charge the court instructs the jury, as to the commission of the offense, in the language of the Penal Code, Sec. 16.01 as stated in Sec. (a)(2), and defines the term "criminal instrument" in the language of Sec. (b).

The abstract and application portions of the charge properly contain all the consti-

tuent elements of the offense with which appellant was charged. This ground is overruled.

Appellant next contends the court "erred in charging the jury on the lesser included offense of 'Possession Of A Criminal Instrument' by failing to properly apply the law to the facts and failing to confine the consideration of the jury to on or about January 17, 1984, in Tyler County, Texas, as charged in the indictment."

That portion of the charge to which complaint is made, is stated as follows:

If you do not believe beyond a reasonable doubt that the Defendant, THOMAS ELLIS SIMMONS, is guilty of adapting a criminal instrument to commit a criminal offense as charged in the indictment, but you do believe beyond a reasonable doubt and find that he committed the offense of Possession of a Criminal Instrument with the intent to use it in the commission of an offense as that term is defined, then you will say by your verdict, guilty of Possession of a Criminal Instrument with intent to use it in the commission of an offense.

Appellant's entire argument, as stated in his brief, is simply that this portion of the charge does not require the jury to find that the "Defendant possessed a criminal instrument on or about January 17, 1984, in Tyler County, Texas," and by reason thereof, the charge is fundamentally defective.

■ The effect of this particular paragraph of the charge is stating to the jury that if they did not find appellant guilty of the primary offense "as charged in the indictment" and they did find that he committed the offense of Possession of a Criminal Instrument, then they would so say by their verdict. The use of the phrase "as charged in the indictment" refers the jury back to the part of the charge on adaptation where the date and county is stated. We find no fundamental defect in this portion of the charge. *See Jackson v. State*, 591 S.W.2d 820 (Tex.Crim.App.1979).

There is yet another reason for overruling this ground of error.

**30**

Merely because a lesser offense is included within the proof of the offense charged does not mean that a charge on the lesser offense is required. The charge will be required only if there is evidence which shows that if the appellant is guilty, he is only guilty of the lesser offense. *Broussard v. State,* 642 S.W.2d 171 (Tex. Crim.App.1982).

Appellant did not testify and offered no evidence of his actions inside the laundromat. The only evidence that appellant could rely upon for such proof would be that given by the witness Ron West. He testified that he did not see appellant do anything because he was serving as a lookout. The evidence in this case did not raise the issue of the lesser included offense of "Possession of a Criminal Instrument." The inclusion of this charge on the lesser offense, regardless of the wording, would therefore be harmless error. This ground is overruled.

Appellant next contends the court erred in failing to charge on the lesser included offense of "Burglary of A Coin-Operated Machine." We hold the evidence did not raise this issue for the reasons stated in the foregoing disposition of the charge on the lesser offense of "Possession of a Criminal Instrument." This ground is overruled.

We have considered appellant's ninth ground of error, and finding the same to be without merit it is overruled.

The judgment is affirmed.