Ignacio Rios CARRASCO, Jr.,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–85–384–CR.

Court of Appeals of Texas,
Corpus Christi.

June 12, 1986.

Robert D. Ralston, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

Appellant pled guilty and was convicted of unlawful use of a criminal instrument. "'Criminal instrument' means anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made, or adapted for use in the commission of an offense." TEX. PENAL CODE ANN. § 16.01(a)(1) (Vernon Supp.1986). He was assessed punishment of a $150.00 fine and twenty days in jail which was probated for one year.

In six grounds of error appellant challenges the validity of the statute, the caption amending it and the sufficiency of the complaint and information. We overrule appellant's grounds of error and affirm the conviction.

On March 2, 1985, appellant was arrested for public intoxication by the McAllen City Police. The appellant was searched and the police found a wire with a loop on the end, two screwdrivers and a pair of pliers concealed on appellant. Appellant stated that he had not burglarized any cars, but he had planned to do so.

A complaint and information was filed which charged appellant with:

... intentionally, knowingly and unlawfully possess[ing] a criminal instrument, to-wit: a wire with a loop at the end, which said instrument was designed, made and adapted for the commission of an offense, to-wit: burglary of a vehicle with intent to use said instrument in the commission of said offense; against the peace and dignity of the State."

A pre-trial hearing was held on June 3, 1985, in which appellant's motion to quash was heard by the trial court and was denied. Appellant pled guilty on August 6, 1985. A McAllen Police Department Offense Report that contained his admission that he intended to burglarize automobiles was offered and accepted into evidence without objection from appellant.

This appeal was filed pursuant to TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979), which permits a defendant who has pled guilty to prosecute his appeal without the permission of the trial court on those matters which have been raised by written motion filed prior to trial. Thus, appellant is limited in his appeal to matters raised in his pre-trial motions.

Appellant's first and second grounds of error contend that the statute upon which the prosecution was based is unconstitutionally indefinite, vague and uncertain.

Section 16.01 of the Texas Penal Code provides:

(a) A person commits an offense if:

(1) he possesses a criminal instrument with intent to use it in the commission of an offense; or

(2) with knowledge of its character and with intent to use or aid or permit another to use in the commission of an offense, he manufactures, adapts, sells, installs, or sets up a criminal instrument.

(b) For the purpose of this section, "criminal instrument" means anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made, or adapted for use in the commission of an offense.

(c) An offense under Subsection (a)(1) of this section is one category lower than the offense intended. An offense under Subsection (a)(2) of this section is a felony of the third degree.

"Penal statutes must be drafted so that ordinary people can understand what conduct is prohibited, and in a manner that does not encourage arbitrary and discriminatory enforcement." *Clark v. State*, 665 S.W.2d 476, 482 (Tex.Crim.App.1984). A statute will be considered unconstitutionally vague "if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute ... and if it encourages arbitrary and erratic arrests and convictions." *Goocher v. State*, 633 S.W.2d 860, 865 (Tex. Crim.App.1982).

Because no First Amendment rights are involved, "we need only scrutinize [Section 16.01] to determine whether it is impermissibly vague as applied to appellant's conduct." *Clark v. State*, 665 S.W.2d 476, 483 (Tex.Crim.App.1984). *In Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982), the United States Supreme Court concluded that a "plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others."

In the instant case, appellant was arrested for public intoxication and was subsequently searched. Two screwdrivers and a pair of pliers were found in appellant's socks and a thin silver wire with a loop on the end was found in his pants, running from the waist down the inside of the pants leg. After being read his *Miranda* rights and acknowledging that he understood these rights, appellant admitted to the police that he had planned to break into some vehicles but had been stopped by his arrest.

The wire with a loop at the end was specially designed or made for use in the burglary of vehicles and appellant admitted his intent to so use the wire. Because the statute clearly applies to appellant's conduct, he may not successfully challenge it for vagueness. *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 2561–2562, 41 L.Ed.2d 439 (1974). Appellant's first and second grounds of error are overruled.

■ Appellant's third ground of error complains of the caption of the bill which amended section 16.01 in 1975, claiming that it is unconstitutionally defective. As this complaint was not formerly raised by written motion filed prior to trial, it was not preserved for appeal. TEX. CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979). Appellant's third ground of error is overruled.

■ Appellant's fourth, fifth and sixth grounds of error contend that the trial court erred in failing to quash the complaint and information because it failed to set forth an offense in plain and intelligible words; failed to state facts sufficient to constitute an offense and failed to provide adequate notice of the nature of the charge against appellant, respectively.

Appellant argues under each of these grounds of error that the complaint and information were defective for failing to include the word "specially." Section 16.01 defines "criminal instrument" as "anything, the possession, manufacture, or sale of which is not otherwise an offense, that is *specially* designed, made, or adapted for use in the commission of an offense." (Emphasis added.) The complaint and information alleged, in part: "a criminal instrument, to-wit: a wire with a loop at the end, which said instrument was designed, made and adapted for the commission of an offense...."

■ An indictment which substantially tracks the statute and alleges all of the requisite elements of the offense will not be found deficient simply because it does not *precisely* track the language of the statute. *King v. State*, 675 S.W.2d 514, 516 (Tex.Crim.App.1984); *Queen v. State*, 662 S.W.2d 338, 341 (Tex.Crim.App.1983); *Ruiz v. State*, 654 S.W.2d 488, 491–92 (Tex. App.—Corpus Christi 1983, no pet.); TEX. CODE CRIM. PROC. ANN. art. 21.17 (Vernon 1966).

The complaint and information substantially tracked the language of Section 16.-01, setting forth an offense against the State of Texas in plain and intelligible

words and providing appellant with notice of the nature of the charge against him. Appellant's fourth, fifth and sixth grounds of error are overruled.

The judgment of the trial court is affirmed.