**Ricky Lee HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–946–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 10, 1990.

Greg Heath, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

MURPHY, Justice.

Ricky Lee Harris appeals his conviction of the offense of unlawful use of a criminal instrument for which the jury assessed punishment of three years probation and a fine of $4500.00. In five points of error, appellant claims error in the trial court's denial of his motion for instructed verdict and in the jury charge. Because we find the trial court should have granted appellant's motion for instructed verdict on the ground that there was no evidence to show that the electric service meter lockband key constituted a criminal instrument, we reverse.

An employee of Houston Lighting & Power Company ("HL & P"), Charles Riddle, testified that he was contacted by Bill Dillman, the owner of Guardian Electric, who told Riddle about appellant's offer to sell Dillman an electric service meter lockband key used to open electric meters. Two meetings were arranged at which appellant, Dillman, Riddle, and another HL & P employee were present. At these meetings, appellant sold Dillman a lockband key. Riddle voice taped both meetings with appellant and these tapes were played for the jury and admitted into evidence.

Riddle testified that, inside the city limits of Houston, a licensed electrician can remove an electric meter. After a person enters the meter, Riddle explained that wires can be installed to bypass the meter, reducing or eliminating the registration of electricity in the meter. Riddle testified that appellant discussed this type of "meter tampering" at the meetings. Riddle admitted that appellant refused to sell the key to anyone other than an electrician. Although Riddle agreed that such keys could have legitimate uses, such as for emergencies, he testified that appellant did not mention a legitimate use as his purpose in selling the key.

In point of error three, appellant claims the trial court erred in not granting appellant's motion for an instructed verdict as a matter of law. Appellant asserts that the lockband key cannot constitute a criminal instrument since testimony revealed that such a key has legitimate uses. We agree.

■ At the outset, we note that where an appellant challenges the trial court's denial of a motion for instructed verdict, the test is whether there is any evidence that would support a verdict of guilty. *Williams v. State*, 680 S.W.2d 570, 575 (Tex.App.—Corpus Christi 1984), *pet. ref'd*, 692 S.W.2d 100 (Tex.Crim.App.1985). If so, the fact issue raised is a question for the jury and not a question of law for the court. *Id.* (citing to *McKenzie v. State*, 617 S.W.2d 211, 218 (Tex.Crim.App.1981)).

■ Appellant was charged with the offense of unlawful use of a criminal instrument under TEX.PENAL CODE ANN. § 16.01. Section 16.01(b) defines a "criminal instrument" as "anything, the possession, manufacture, or sale of which is not otherwise an offense, that is specially designed, made, or adapted for use in the commission of an offense." TEX.PENAL CODE ANN. § 16.01(b) (Vernon Supp.1990). The constitutionality of this statute was challenged in *Universal Amusement Co. v. Vance*, 404 F.Supp. 33 (S.D.Tex.1975), *vacated in part on other grounds, sub. nom. Butler v. Dexter*, 425 U.S. 262, 96 S.Ct. 1527, 47

L.Ed.2d 774 (1976), and the court stated that § 16.01

> ... is a statute aimed an incipient crime—possession of a criminal instrument, with the specific intent to use the instrument in the commission of a crime. *Not only is it not aimed at an instrument which has lawful uses,* but it is not aimed at overt criminal actions at all.
>
> ... The statute, Sec. 16.01 of the Texas Penal Code, is clearly drawn and very specific.... *The statute was obviously designed to deal with a very small class of property which can be used only for the commission of crime* and to deal with persons in possession of such property or engaged in the manufacture or adaptation of the property exclusively for use in criminal activities, before the criminal activities are undertaken or completed.

*Id.* at 48–51 (emphasis added). This narrow construction was adopted by the Texas Court of Criminal Appeals in *Fronatt v. State,* 543 S.W.2d 140, 142 (Tex.Crim.App. 1976). Thus, convictions under § 16.01 have been upheld only where the instrument was specially designed or made for use in commission of a crime. *See Carrasco v. State,* 712 S.W.2d 623, 625 (Tex.App. —Corpus Christi 1986, no pet.) (wire with loop at one end found to be specially designed for burglarizing vehicles); *Simmons v. State,* 690 S.W.2d 26, 28–29 (Tex. App.—Beaumont 1985, no pet.) (homemade key found useful only to burglarize coin-operated washers and dryers); *Fronatt,* 543 S.W.2d at 142 (lock pick found to be an instrument specially designed for burglary). Where the instrument was not specially made or adapted for use in commission of crimes but is also useful for lawful activities, the instrument is not a criminal instrument and a conviction under § 16.01 cannot stand. *See Eodice v. State,* 742 S.W.2d 844, 847 (Tex.App.—Austin 1987, no pet.) (conviction under § 16.01 reversed where court found flashlight, pry bar, circuit tester, feeler gauge, and cotter pin to be commonly available tools and not specially designed or made for commission of burglary).

In the instant case, testimony revealed that the lockband key appellant sold to Bill Dillman was very similar to the keys used by authorized HL & P personnel to open electric meters. Riddle admitted that these keys could be used for lawful purposes. For example, Riddle agreed that if an electrician had a key, he could begin repairs immediately, and that if a fireman had such a key, he could use it to turn off electricity in an emergency. Russell Joiner, a salesman with Lynn T. Maloney Company that sells these type keys, testified that the key sold by appellant was not one sold by his company, but was a duplicate. Joiner testified that the only use for this key was to open electric meters.

As previously discussed, a necessary element of the offense with which appellant was charged is that the instrument in question constituted a criminal instrument, "specially designed, made, or adapted for use in the commission of an offense." TEX. PENAL CODE ANN. § 16.01(b) (Vernon Supp. 1990). Based on our review of the testimony in the instant case, we find that the state failed to prove that the lockband key was "specially designed, made, or adapted" only, or even primarily, for use in the commission of a crime. *See Eodice,* 742 S.W.2d at 847. Rather, testimony showed that the key has lawful uses. Where no evidence showed that the key was a criminal instrument, no evidence would have supported a verdict of guilty of the offense of unlawful use of a criminal instrument. *See Williams,* 680 S.W.2d at 575. Thus, we sustain point of error three and we do not address appellant's other points.

We reverse the judgment and order the trial court to enter an order of acquittal.