**Ex parte Joan ANDREWS.**

**Ex parte Wayman CHUNN.**

**Ex parte Chet GALLAGHER.**

**Nos. 01–90–00788–CR to 01–90–00790–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 8, 1991.

Rehearing Overruled Sept. 12, 1991.

therefore, is of no effect. *See* Tex.R.Civ.P. 297; *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

**840**

Richard W. Schmude, Tomball, Tom Zakes, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Kimberly Aperauch Stelter, Mara Larson, Asst. Harris Co. Dist. Attys., for appellee.

Before WILSON, COHEN and PRICE,[1] JJ.

## OPINION

WILSON, Justice.

Appellants were indicted for the unlawful use of a criminal instrument. Believing their indictments fatally defective for failure to allege an offense, and also complaining that TEX. PENAL CODE ANN. § 16.01 (Vernon Supp.1991) is unconstitutionally vague, appellants filed applications for writs of habeas corpus. The trial court granted the writs, conducted a hearing, and denied the requested relief. We hold the indictments fatally defective and reverse.

To protest the operation of an abortion clinic, appellants entered the clinic with bicycle locks and chains, positioned themselves in an unauthorized area, wrapped the chains around their necks and locked themselves together. The chains and locks were positioned so that any attempts to move appellants could result in injury to them.

In their first point of error, appellants complain the indictments[2] under which they are charged do not state an offense against the laws of the State of Texas. In deciding this point, we are not permitted to evaluate evidence. We are restricted in this pretrial habeas corpus review to focusing on the charging language of the indictment alone, and to determining whether it lawfully charges a penal code violation. In determining whether a charging instrument fails to allege an essential element of an offense, courts look only to the face of the instrument. *Ex parte Raleigh*, 688 S.W.2d 854, 855 (Tex. Crim.App.1988).

The trial court conducted a hearing at which appellants presented evidence the bicycle locks were not specially designed or

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals First District of Texas at Houston, sitting by assignment.

2. Appellants were indicted by similar indictments, the only difference being the persons named. For brevity and clarity, we will refer only to the indictment of appellant Andrews.

adapted for use in committing a crime. This evidence is irrelevant to our consideration because there is no Texas criminal pretrial procedure to test the sufficiency of the State's evidence. *State v. Jimenez,* 763 S.W.2d 436, 437 (Tex.App.—El Paso 1988, pet. ref'd).

■■■ The statute in question provides that a person commits the offense of unlawful use of a criminal instrument if (1) he possesses a criminal instrument with intent to use it in the commission of an offense, or (2) with knowledge of *its character* and with intent to use or aid or permit another to use it in the commission of an offense, he manufactures, adapts, sells, installs, or sets up a criminal instrument. TEX. PENAL CODE ANN. § 16.01(a) (Vernon Supp.1991) (emphasis added). A criminal instrument is defined as *"anything,* the possession, manufacture, or sale of which is not otherwise an offense, that is *specially* designed, made, or *adapted for use* in the commission of an offense." TEX. PENAL CODE ANN. § 16.01(b) (Vernon Supp.1991) (emphasis added).[3]

More specifically, by the way in which the State has sought to charge these appellants in this particular set of cases, the issue becomes whether the manner and means by which a particular alleged criminal instrument is used, is an "adaptation" of that instrument for criminal purposes within the meaning of the statute. We hold that the gravamen of the offense intended by the language used by the legislature is the physical adaptation of the alleged instrument for a specific criminal intent. *Harris v. State,* 790 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). We find that any illegality to be proved is in the inherent characteristics of the object itself as adapted, and not in the conduct of defendants in using the object within a particular criminal episode. An object does not become a criminal instru-

ment by the context of its use, but by the limited nature and specialized criminal use of its own distinctive properties. *See generally id.* at 780.[4]

■■■ An indictment that tracks the wording of a penal statute is generally sufficient, and definitions of terms and elements defined within the statute are essentially evidentiary and need not be alleged. *Simpson v. State,* 787 S.W.2d 539, 542 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The indictments in this case tracked the language of § 16.01 by alleging what instrument was used and how it was used:

> that in Harris County, Texas, JOAN ANDREWS, hereafter styled the Defendant, heretofore on or about July 12, 1990, did then and there unlawfully with knowledge of *its character* and with intent to use in the commission of an offense, namely criminal trespass, Defendant did adapt and set up a criminal instrument, to-wit, *by locking herself up to* Chet E. Gallagher and Wayman Chunn with a Krytonite Bicycle Lock.

(Emphasis added.)

■■■ When examining an indictment for fundamental error, the test is whether the State's pleading alleges an offense against the law. *Whetstone v. State,* 786 S.W.2d 361, 364 (Tex.Crim.App.1990) (citing *Oliver v. State,* 692 S.W.2d 712, 714 (Tex.Crim. App.1985)); *Drumm v. State,* 560 S.W.2d 944 (Tex.Crim.App.1977).

■■■ The general rule is that allegations which are not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage. *Whetstone,* 786 S.W.2d at 364 (citing *Burrell v. State,* 526 S.W.2d 799, 802 (Tex.Crim.App.1975)). An exception to this rule occurs if the unnecessary matter

---

3. We note here generally the practice commentary to § 16.01 that relates the criminal responsibility of actors afoul of this statute attaches at a point even prior to the attempt stage. It further notes, at least obliquely, the potential for abuse inherent in the statute when used in conjunction with misdemeanor offenses.

4. See *Harris,* 790 S.W.2d at 780, for a summary of what is, and is not, a criminal instrument under Texas law. The *Harris* opinion also is authority for the narrow construction of the statute that we continue with our holding herein. *Id.*

is descriptive of that which is legally essential to charge a crime. Then, the unnecessary pleading must be proven as alleged. *Whetstone,* 786 S.W.2d at 364.

The State contends it is unnecessary to allege in the information how the particular instrument was adapted. We need not decide that question. When, as here, the State alleges the manner and means of possessing a criminal instrument, it is bound by its allegations because these allegations are descriptive of what the State must prove. *Whetstone,* 786 S.W.2d at 364. In using the phrase "by locking herself up to," the State charges an alleged adaptation of the instrument by describing the conduct of the persons using the instrument within a particular criminal episode, the trespass, rather than charging how the "character" of the instrument was adapted to suit the criminal design. Under the State's theory, any instrument, otherwise lawful, would be a criminal instrument if used in any way to facilitate the commission of a crime, even though it was not specially designed, made, or adapted for use in the offense, as required by § 16.-01(b). In short, we hold that the mere locking of a bicycle lock does not constitute a special adaptation of the lock, as required by § 16.01(b).

As we find that the mere act of using a particular object in a criminal episode is not in itself an adaptation of that object within the meaning of § 16.01, the State has alleged an act outside the intended purview of the criminal statute. It necessarily follows that the indictment is defective.

Because we grant the relief sought by appellants on point of error one, it is not necessary to address points of error two and three.

The decision of the trial court in denying relief based upon appellants' habeas corpus petitions is reversed, the relief granted, and the indictments ordered dismissed.