COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

 
RUTH ANN MARTIN,                                       )                  No. 08-02-00144-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                 Criminal District Court No. 5
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0175501-PL)


O P I N I O N

            Ruth Ann Martin appeals her conviction for injury to a child. This case involves the tragic
death of Appellant’s daughter, Heather. Appellant waived her right to a jury trial and entered an
open plea of guilty to a two paragraph indictment which charged Appellant with recklessly causing
serious bodily injury to her daughter. The trial court found Appellant guilty and assessed her
punishment at a fine of $1,000 and imprisonment for a term of twenty years. In her appeal to this
court, Appellant raised three issues: (1) the trial court erred by failing to reject her guilty plea
because the evidence adduced at the hearing negates the culpable mental state; (2) the indictment was
fundamentally defective; and (3) ineffective assistance of counsel. Finding that the trial court abused
its discretion in accepting the guilty plea when evidence inconsistent with guilt had been introduced,
a divided panel of the court sustained the first issue. Upon the State’s petition for discretionary
review, the Court of Criminal Appeals reversed and remanded the case to us for consideration of
Appellant’s other two points of error.
FACTUAL SUMMARY
            Appellant, who characterized herself as a recovering drug addict, had been on felony
community supervision since 1993 for three delivery of a controlled substance offenses and
possession of a controlled substance. Despite it being a violation of the terms and conditions of her
community supervision, Appellant knowingly possessed a bottle of morphine which she stored in
“a regular aspirin bottle” in the medicine cabinet of her home. She did not recall whether the bottle
had a childproof cap; she believed it was a “push and turn” type. Appellant’s mother-in-law had
taken morphine prior to her death from cancer. A relative gave the morphine to Appellant’s
husband, Raymond Martin, and asked him to sell it to raise money to pay for the funeral expenses. 
Mr. Martin had been unable to sell any of the morphine pills but they had not disposed of the drug
nor returned it to the relative. Appellant knew the drug was dangerous because she and a friend had
become ill after ingesting one of the morphine tablets from the same bottle. 
            On May 3, 2001, Appellant and her husband went to a sports bar to watch a Dallas
Mavericks basketball game. Although their five-year-old child was taken to a babysitter, Appellant
left her pre-teen daughter, Heather, and twelve-year-old son, Michael, alone at home. Appellant
knew that Heather had a headache and apparently, migraine headaches were common in her family. 
When the parents returned home four hours later, they found Heather asleep in their bed. Heather
whimpered when Appellant told her that she needed to move to her own bed. The child walked into
a door jamb and told Appellant that she could not “walk right.” Appellant held on to her daughter
and walked her to her room. When Heather got into her bed, she shielded her eyes from the light and
covered her head. In a written statement, Appellant said that Heather had cried and vomited all
night.


 The following morning, Appellant went into Heather’s room. Heather did not “look right”
and she was cold to the touch. Appellant picked her up and vomit ran from the child’s mouth. 
Appellant screamed for someone to call 911. A neighbor came over and performed CPR while they
awaited an ambulance. Appellant later learned that Heather had died sometime during the night. 
After five undigested morphine tablets were found in Heather’s stomach, a Child Protective Services
case worker and a detective were dispatched to Appellant’s house. When Appellant learned that the
caseworker and detective were en route, she instructed her husband to dispose of the morphine and
marihuana in the house. 
            A grand jury indicted Appellant for injury to a child. The first paragraph of the indictment
alleged that Appellant recklessly caused serious bodily injury to her daughter by:
[L]eaving said complainant unsupervised by adult supervision, in the defendant’s
home, and leaving Morphine, a dangerous and lethal drug, within access of the
complainant, which the complainant ingested.

            The second paragraph of the indictment alleged that Appellant recklessly caused serious
bodily injury to Heather by:
[F]ail[ing] to provide adequate medical care for the complainant, knowing the
complainant was vomiting and crying, and at the time of the offense the defendant
had a legal duty to act, to-wit: the defendant was the parent of the complainant, and
the defendant had assumed care, custody and control of the complainant. 

            Appellant waived her right to a jury trial and entered a non-negotiated or open plea of guilty. 
She executed a written judicial confession by which she specifically admitted that the allegations
contained in both paragraphs of the indictment were true and that she was guilty of the injury to a
child offense alleged in the indictment. After introducing Appellant’s judicial confession, the State
rested. Appellant testified and offered other evidence in support of her request that she be placed
on community supervision. After Appellant rested and both sides closed, the trial court accepted
Appellant’s guilty plea and assessed her punishment at imprisonment for a term of twenty years. 
ISSUES ON REMAND
            In the remaining two issues before the court, Appellant contends that the trial court erred in
finding her guilty because the indictment was fundamentally defective and because her counsel
provided ineffective assistance. 
Is The Indictment Defective?
            When examining an indictment for fundamental error, we must determine whether the
State’s pleading alleges an offense against the law. Ex parte Andrews, 814 S.W.2d 839, 841
(Tex.App.--Houston [1st Dist.] 1991, pet. ref’d), citing Whetstone v. State, 786 S.W.2d 361, 364
(Tex.Crim.App. 1990). Appellant’s complaint addresses only the second count involving a crime
of omission-- knowing that Heather was vomiting and crying, Appellant had a legal duty to act but
failed to provide adequate medical care. Appellant takes issue with whether an offense is even
alleged. In her brief she asserts, “Vomiting and crying without more does not describe a serious
malady.” 
            We first note that Appellant signed an open plea agreement which contained a specific waiver
of “any and all defects, errors, or irregularities, whether of form or substance, in the charging
instrument.” Moreover, she did not object to the defect nor did she file a motion to quash the
indictment. For all of these reasons, Appellant has waived error. Sparkman v. State, 968 S.W.2d
373, 376 (Tex.App.--Tyler 1997, pet. ref’d). 
            Even if error were preserved, we would be constrained to overrule it. The State is not
required to plead its evidence in the indictment. Solis v. State, 787 S.W.2d 388, 390 (Tex.Crim.App.
1990). When there are multiple ways of committing an offense that are subject to the same
punishment, the State may plead multiple means but must prove only one to sustain a conviction. 
Eastep v. State, 941 S.W.2d 130, 133-34 (Tex.Crim.App. 1997). Because Count I will support the
conviction, we overrule Appellant’s second issue for review.
Ineffective Assistance of Counsel?
            In her final issue, Appellant claims that her trial counsel should have withdrawn her guilty
plea. Simply stated, she complains that his representation was deficient because he permitted her
to sign the judicial confession when it tracked a defective indictment. We disagree.
            To prevail, Appellant must demonstrate both deficient performance and prejudice. Strickland
v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Kober v. State, 988
S.W.2d 230, 232 (Tex.Crim.App. 1999). Deficient performance means that the assistance of counsel
was not reasonably effective, but it does not mean an errorless performance. Moore v. State, 700
S.W.2d 193, 205 (Tex.Crim.App. 1985), cert. denied, 474 U.S. 1113, 106 S.Ct. 1167, 89 L.Ed.2d
289 (1986). The fact that counsel could have performed better does not render his representation
ineffective. Standerford v. State, 928 S.W.2d 688, 698 (Tex.App.--Fort Worth 1996, no pet.). In
determining whether both Strickland prongs have been met, we must consider the totality of the
representation. Strickland, 466 U.S. at 670. A claim of ineffective assistance cannot prevail based
upon the isolation of one portion of counsel’s representation. McFarland v. State, 845 S.W.2d 824,
843 (Tex.Crim.App. 1992). We presume that counsel’s performance falls within the wide range of
reasonable, professional assistance, and it is the burden of an appellant to overcome this
presumption. Strickland, 466 U.S. at 688-89; see Jackson v. State, 877 S.W.2d 768, 771
(Tex.Crim.App. 1994). Allegations of ineffective assistance must be firmly supported by the record. 
Thompson v. State, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). This generally requires that a
sufficient record be developed by filing a motion for new trial and pursuing an evidentiary hearing. 
Parmer v. State, 38 S.W.3d 661, 666 (Tex.App.--Austin 2000, pet. ref’d).
            Where, as here, no motion for new trial was filed and no evidence offered, the record
provides no explanation as to counsel’s strategies and tactics. The record is also silent as to whether
Appellant would have pled guilty but for the purported errors of counsel. Because Appellant has not
established by a preponderance of the evidence that counsel’s representation was deficient, she has
failed to meet the first prong. Nor has she established a reasonable probability that the outcome
would have been different but for counsel’s errors. We overrule the third issue and affirm the
judgment below. 

August 18, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)