Cecil Quinton ALEXANDER, Appellant,

v.

The STATE of Texas, Appellee.

No. 60540.

Court of Criminal Appeals of Texas, Panel No. 3.

June 17, 1981.

James H. Kreimeyer, Belton, for appellant.

Patrick J. Ridley, County Atty. and Tim Rudolph, Asst. County Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for carrying an illegal club. See V.T.C.A. Penal Code, Sec. 46.02.[1] Punishment was assessed at a fine of $100.00.

■ The appellant contends that the evidence is insufficient to show that the appellant possessed a club. The appellant was convicted of having about his person[2] a 12-inch motorcycle chain that had a nylon cord tied around the last link. Sec. 46.01(1) defines "club" as follows:

"(1) 'Club' means an instrument that is specially designed, made or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, and includes but is not limited to the following:

(A) blackjack;

(B) nightstick;

(C) mace;

(D) tomahawk."

■ The only testimony in the record which attempts to bring the chain within the definition of a "club" is as follows:

"Q. [Prosecutor]: Officer Brown, based upon your experience and your common knowledge, could this type of instrument be used to inflict serious bodily injury or death?

A. Yes, I believe it could."

The fact that an object is capable of inflicting serious bodily injury or death alone does not bring the object within the definition of club set forth in Sec. 46.01, supra. As the practice commentary to Sec. 46.02, supra, notes:

"Instruments readily capable of inflicting serious injury but not specifically designed to do so, such as baseball bats and rolling pins, are excluded, if a person carrying one of them has intent to use them to inflict injury and his criminal design progresses far enough, however, he can be prosecuted for an attempted or completed assault..."

In this case, there is absolutely no evidence that the appellant carried about his person an instrument *specifically designed, made or adapted for the purpose* of inflicting serious bodily injury or death. We cannot infer from the presence of the nylon cord alone that this "adaption" was accomplished for the specific purpose of inflicting serious bodily injury or death. Compare with *Tatom v. State*, 555 S.W.2d 459 (Tex. Cr.App.1977). Accordingly, we find the evidence insufficient to sustain the conviction.

The judgment is reversed and remanded with instructions to enter a judgment of acquittal.

---

1. This section provides:

   "(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

   (b) Except as provided in Subsection (c), an offense under this section is a Class A. misdemeanor.

   (c) An offense under this section is a felony of the third degree if it occurs on any premises licensed or issued a permit by this state for the sale or service of alcoholic beverages."

2. The chain was found in the car.