**Johnnie Lee REISNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 61656.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 10, 1982.

James H. Kreimeyer, Belton, for appellant.

Patrick Ridley, County Atty. and Michael R. Miller, Asst. County Atty., Belton, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for unlawfully carrying a club. V.T.C.A. Penal Code, Sec. 46.02. The court assessed punishment at a fine of $200.

On April 21, 1978, Temple police officer William Holloman noticed appellant wearing a bracelet made of black leather; there were twenty-eight pointed metal studs protruding from the bracelet approximately one-half inch. Officer Holloman stopped appellant and arrested him for unlawfully carrying a club.

Appellant contends that the bracelet is not a club as that term is defined in V.T. C.A. Penal Code, Sec. 46.01(1). That section provides:

" 'Club' means an instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, and includes, but is not limited to the following:

"(A) blackjack;

"(B) nightstick;

"(C) mace;

"(D) tomahawk."

At trial the prosecutor attempted to prove the bracelet was a "club" as defined by the statute. Officer Holloman testified that appellant was wearing the bracelet on his right wrist with the "spikes" facing outward. To establish how serious bodily injury could be inflicted by the bracelet, the prosecutor questioned Officer Holloman:

"Q. [L]et me ask you how you would use that item as a club or as an instrument to strike someone to inflict injury.

"A. Well, where I'd use it, I would hit someone in the side of the head with it, when I believe I could do the most damage very easily with this number of hard metallic and reasonably sharp spikes on the end of it. This is the manner in which he had it strapped to his wrist."

Officer Holloman also testified that the "spikes" on the bracelet could penetrate the eye or skin on the nose of someone struck with the bracelet, that the bracelet could cause injury to a person's teeth or ears, and that the bracelet could cause some disfigurement to the face.

The statutory definition of "club" was recently considered in *Alexander v. State*, 617 S.W.2d 269 (Tex.Cr.App.1981). In *Alexander* the evidence offered to prove the instrument (a motorcycle chain with a nylon cord tied around the last link) was a "club" was testimony of a police officer that the instrument could be used to inflict serious bodily injury or death. The holding there was that although an object is capable of inflicting serious bodily injury or death this alone does not bring the object within the definition of a "club" set forth in Section 46.01.

Even though in the instant case the testimony of Officer Holloman may have been more in detail concerning how the bracelet could be used to cause serious bodily injury than that offered in *Alexander*, there is likewise no evidence that appellant carried on his person an instrument *specifically designed, made, or adapted* for the purpose of inflicting serious bodily injury or death. Although the prosecutor compared the bracelet worn on the arm to a mace, an instrument specifically defined as a "club" under V.T.C.A. Penal Code, Sec. 46.01(1)(C), it cannot be inferred from this comparison and Officer Holloman's testimony that the bracelet was specially designed, made, or adapted to inflict serious bodily injury or death.

As originally made, a baseball bat, crowbar, or axe handle could be used to inflict serious bodily injury or death; however, to bring such an object within the definition of a "club" under Sec. 46.02, it is necessary to prove that such object was designed, made, or adapted specially to inflict serious bodily injury or death. Since the evidence here does not show that the bracelet was specially designed, made, or adapted to inflict serious bodily injury or death, the evidence is insufficient to sustain the conviction. *Alexander v. State*, supra.

The judgment is reversed and remanded with instructions to enter a judgment of acquittal.