**Carlos Ramon MEZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68415.**

Court of Criminal Appeals of Texas, En Banc.

May 18, 1983.

Rehearing Denied July 6, 1983.

Hector I. Reyes, El Paso, for appellant.

Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of carrying a club; the punishment is incarceration in the county jail for 30 days. Probation was granted.

The appellant asserts the evidence is insufficient to support his conviction. It was alleged that the appellant intentionally, knowingly, and recklessly carried on or about his person a club.

The appellant was driving his father's automobile which stalled and blocked one lane of traffic. An officer came to assist the appellant with the automobile; he looked in the automobile and saw what he testified was a "club" in plain view. There is no evidence that the 18 year old appellant, who had the hood raised and was working on the engine, made any threats or took any action of any kind against the officer or anyone else.

The possession of a "club" which is prohibited is an instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument and includes but is not limited to a blackjack, nightstick, mace, or tomahawk. V.T.C.A. Penal Code, Section 46.01(1).

In *Alexander v. State,* 617 S.W.2d 269 (Tex.Cr.App.1981), it was said:

"The fact that an object is capable of inflicting serious bodily injury or death alone does not bring the object within the definition of club set forth in Sec. 46.01 [V.T.C.A. Penal Code]. As the practice commentary to Sec. 46.02, supra, notes:

'Instruments readily capable of inflicting serious bodily injury but not specifically designed to do so, such as baseball bats and rolling pins, are excluded, if a person carrying one of them has intent to use them to inflict injury and his criminal design progresses far enough, however, he can be prosecuted for an attempted or completed assault. . . .'

"In this case, there is absolutely no evidence that the appellant carried about his person an instrument *specifically designed, made or adapted for the purpose of inflicting serious bodily injury or death.* We cannot infer from the presence of the nylon cord alone that this 'adaption' was accomplished for the specific purpose of inflicting serious bodily injury or death. Compare with *Tatom v. State,* 555 S.W.2d 459 (Tex.Cr.App.1977). Accordingly, we find the evidence insufficient to sustain the conviction."

In the instant case there is no evidence that the "club" was an instrument specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death. We cannot infer that an in-

strument merely described as a "club" is an instrument specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death. *Alexander v. State,* supra; cf. *Reisner v. State,* 627 S.W.2d 728 (Tex.Cr.App.1982); *Tatom v. State,* 555 S.W.2d 459 (Tex.Cr.App.1977).

The judgment is reversed and remanded with instructions to enter a judgment of acquittal.