John Robert **HEEREMA, Jr.,** Appellant,

· v.

**The STATE of Texas,** Appellee.

**No. 05–89–00408–CR.**

Court of Appeals of Texas,
Dallas.

March 15, 1990.

John Williamson, Dallas, for appellant.

Vicki Vellenga Soloman, Dallas, for appellee.

Before ENOCH, C.J., and BAKER and ONION,[1] JJ.

### OPINION

BAKER, Justice.

John Robert Heerema, Jr. appeals from a conviction for unlawful carrying of a weapon. TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). The trial court found Heerema guilty, sentenced him to one day in jail, and assessed a $100 fine. In one point of error,

Heerema contends that the evidence is insufficient to support a finding that he carried a "club" because no evidence was presented that the instrument was specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death. We reverse and acquit.

Under section 46.02 of the Texas Penal Code, a person commits an offense if he "intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife or a club." TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). A "club" is statutorily defined as:

> An instrument that is specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, and includes, but is not limited to the following:
>
> A) blackjack;
>
> B) nightstick;
>
> C) mace; or
>
> D) tomahawk.

TEX.PENAL CODE ANN. § 46.01 (Vernon 1989). Section 46.02 regulates the carrying of weapons that have lawful as well as unlawful uses. *Practice Commentary,* TEX.PENAL CODE ANN. § 46.02 (Vernon 1989).

Heerema contends that, though the instrument in question is clearly capable of causing serious bodily injury and testimony showed that he used it for self-protection, because no evidence was presented that the instrument was specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death, the State has not met its burden of proof. The State argues that an instrument may be "adapted" for use as a club, even though the instrument is used as originally designed, if it is "suited, fit, or can accommodate" the purpose of use as a club. The State also argues that because the instrument was rounded on one end and rough cut on the other, it was "adapted" for use as a club in

---

**1.** The Honorable John F. Onion, Jr., retired presiding judge of the Court of Criminal Appeals, sitting by assignment.

that it was physically altered or changed for use as a club.

In *Meza v. State*, 652 S.W.2d 399 (Tex. Crim.App.1983), the Court of Criminal Appeals said:

> The fact that an object is capable of inflicting serious bodily injury or death alone does not bring the object within the definition of club set forth in Sec. 46.01 (V.T.C.A. Penal Code). As the practice commentary to Sec. 46.02, supra, notes:
>
> > Instruments readily capable of inflicting serious bodily injury but not specifically designed to do so, such as baseball bats and rolling pins, are excluded, if a person carrying one of them has intent to use them to inflict injury and his criminal design progresses far enough, however, he can be prosecuted for an attempted or completed assault....
>
> In this case, there is absolutely *no evidence* that the appellant carried about his person an instrument specifically designed, made or adapted for the purpose of inflicting serious bodily injury or death. We cannot infer from the presence of the nylon cord alone that this "adaption" was accomplished for the specific purpose of inflicting serious bodily injury or death.

*Meza*, 652 S.W.2d at 400 (quoting *Alexander v. State*, 617 S.W.2d 269 (Tex.Crim. App.1981)) (emphasis in original). In *Meza*, the club was not described. The court in *Meza* held that there was no evidence that the "club" was specifically designed or adapted for the purpose of inflicting serious bodily injury or death. *Meza*, 652 S.W.2d at 400.

Similarly, here there was no evidence that the instrument was adapted for use as a club. The fact that it is polished at one end and rough cut on the other shows no such adaption. Further, the fact that Heerema told the arresting officers that he used the instrument for self-defense does not make it a "club." A rolling pin or baseball bat may be used for self-defense but clearly do not come under the definition of "club" as they are not "adapted" for such use. *See Practice Commentary*, TEX.

PENAL CODE ANN. § 46.02 (Vernon 1989). We sustain Heerema's point of error.

We reverse the judgment and remand the cause with instructions to enter a judgment of acquittal.