Marc Braddock **COLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05-89-00316-CR.

Court of Appeals of Texas,
Dallas.

May 9, 1990.

Douglas W. Skemp, Dallas, for appellant.

Vicki Vellenga Solomon, Dallas, for appellee.

Before HOWELL, LAGARDE and THOMAS, JJ.

## OPINION

THOMAS, Justice.

Marc Braddock Coleman appeals from a conviction for unlawfully carrying a weapon. TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). The trial court found Coleman guilty and assessed punishment at thirty days' confinement in jail, probated for a period of twelve months, and a fine of $100. In a single point of error, Coleman contends that the evidence is insufficient to support a finding that he carried a "club" because no evidence was presented that the instrument was specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death. We agree and, accordingly, reverse the trial court's judgment and render a judgment of acquittal.

## FACTUAL BACKGROUND

An information was filed against Coleman for unlawfully and knowingly carrying on or about his person a club. The alleged club is made of hickory wood, is eighteen inches long and cylindrical in shape. A leather thong is tied through the handle and printed on the wood are the words "V & B TIRE KNOCKER." The State presented its case by oral stipulation of facts to the effect that: "the defendant in this case, Marc Braddock Coleman, on January 25th, 1988 in the County of Dallas and State of Texas unlawfully, willingly carried a weapon."[1] The State then introduced the club as State's Exhibit Number 1. Coleman's counsel stated that he had "no objection as to the admission of evidence." The State then rested.

Bobby D. Smith, a truck driver of thirty-five years with Yellow Freightline, testified for Coleman. Smith stated that State's Exhibit Number 1 is used to bump truck tires periodically to determine if they have the right amount of air pressure. Based upon his thirty-five years of experience in the trucking industry, Smith testified that State's Exhibit Number 1 was designed for tapping truck tires on 18–wheelers but could be used on any vehicle with tires. Smith further explained that it had not been altered or adapted in any manner from the way it would be bought at a store.

The trial court held that State's Exhibit Number 1 is indistinguishable from a nightstick which is defined by section 46.01 of the Texas Penal Code as a "club." Because the trial judge could not distinguish

---

1. We note that the State apparently believed that the oral stipulation covered the elements of the offense as set out in the information. It is obvious, however, that the State failed to prove that Coleman carried the club "on or about his person." Because Coleman does not raise this as a point of error, and appears to concede that this element was stipulated to, we will not address this lack of evidence. *Banda v. State,* 768 S.W.2d 294, 296 n. 2 (Tex.Crim.App.1989).

it from a nightstick he found Coleman guilty.

## SUFFICIENCY OF THE EVIDENCE

In a single point of error, Coleman contends that the evidence is insufficient because the "tire knocker" found in his possession does not meet the Penal Code definition of a "club." Coleman argues that the State produced no evidence that the instrument was specifically designed, made or adapted for the purpose of inflicting serious bodily injury or death. The State argues that Coleman stipulated into evidence the purpose for which State's Exhibit Number 1 was designed or adapted. The State also contends that the "club" is a nightstick as found by the trial court and was clearly "adapted" for the purpose of inflicting serious bodily injury when "adapted" is given its ordinary meaning.[2]

Before reaching the issue of whether State's Exhibit Number 1 meets the definition of a club, we will address the State's contention that Coleman stipulated the purpose for which the instrument was designed or adapted. The relevant testimony is as follows:

> [PROSECUTOR]: Your Honor, I believe, at this time, by stipulation to the facts that the defendant in this case, Marc Braddock Coleman, on January 25th, 1988 in the County of Dallas and State of Texas unlawfully, willfully carried a weapon. And at this time we would offer State's Exhibit Number 1 into evidence. The club.
>
> [DEFENSE COUNSEL]: I have no objection as to the admission of evidence of State's Exhibit Number 1.
>
> [THE COURT]: State's Exhibit Number 1 is admitted.
>
> [PROSECUTOR]: They send a stipulation of evidence after admission of State's Exhibit Number 1. State would rest.
>
> [THE COURT]: Stipulate, [defense counsel], between defendant and his attorney.
>
> [DEFENSE COUNSEL]: Yes, it is.

> [THE COURT]: Did you understand all that Mr. Coleman?
>
> [DEFENDANT]: Yes, sir.
>
> [THE COURT]: The law gives you the right to have the State's witnesses present so that—for cross-examination—do you wish to give up that right and just agree that if they were present that they would testify as stipulated?
>
> [DEFENDANT]: Yes.

■ A stipulation of evidence is not an agreement that the evidence or testimony is admissible or that the testimony is truthful. It is merely an agreement to waive cross-examination of witnesses and agree that the stipulated version of their testimony is the same as it would be if they were present. *See Stewart v. State*, 681 S.W.2d 774, 775 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). It is not entirely clear from the record whether Coleman was stipulating to the introduction of State's Exhibit Number 1 or whether he was stipulating to the language that he "unlawfully, willingly carried a weapon." However, it is clear that he did not stipulate as to the purpose for which it was designed or adapted, but merely agreed to waive cross-examination of witnesses who would have testified that he was carrying State's Exhibit Number 1. Therefore, the State's contention is without merit.

■ Under section 46.02 of the Texas Penal Code, a person commits an offense if he "intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife or a club." TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). A "club" is statutorily defined as:

> An instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, and includes but is not limited to the following:
>
> (A) blackjack;
> (B) nightstick;
> (C) mace;

---

**2.** First, an object which is changed or altered to fit a purpose is adapted, and second, an object which is used as designed but is suited, fit, or can accommodate another purpose can be adapted.

(D) tomahawk.

Tex.Penal Code Ann. § 46.01 (Vernon 1989). Section 46.02 regulates the carrying of weapons that have lawful as well as unlawful uses. Searcy & Patterson, *Practice Commentary*, Tex.Penal Code Ann. § 46.02 (Vernon 1989).

In *Meza v. State*, 652 S.W.2d 399 (Tex. Crim.App.1983), the Court of Criminal Appeals said:

> The fact that an object is capable of inflicting serious bodily injury or death alone does not bring the object within the definition of club set forth in Sec. 46.01 [V.T.C.A. Penal Code]. As the practice commentary to Sec. 46.02, supra, notes:
>
>> Instruments readily capable of inflicting serious bodily injury but not specifically designed to do so, such as baseball bats and rolling pins, are excluded[;] if a person carrying one of them has intent to use them to inflict injury and his criminal design progresses far enough, however, he can be prosecuted for an attempted or completed assault....
>
> In this case, there is absolutely no evidence that the appellant carried about his person an instrument *specifically designed, made or adapted for the purpose* of inflicting serious bodily injury or death. We cannot infer from the presence of a nylon cord alone that this "adaptation" was accomplished for the specific purpose of inflicting serious bodily injury or death.

*Meza*, 652 S.W.2d at 400 (quoting *Alexander v. State*, 617 S.W.2d 269 (Tex.Crim. App.1981)) (emphasis in original). In *Meza*, the club was not described. The court held, however, that there was no evidence that the "club" was specifically designed or adapted for the purpose of inflicting serious bodily injury or death. *Meza*, 652 S.W.2d at 400.

Similarly, here there is no evidence that the instrument was adapted for use as a club. We cannot infer that an instrument merely described as a "club" is an instrument specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death. We hold that the evidence is insufficient to prove beyond a reasonable doubt that Coleman unlawfully and knowingly carried on or about his person a club. Accordingly, we reverse and render a judgment of acquittal in accordance with *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).