Reyes v. State 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-294-CR





RUFO ATIOGUE REYES,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY,


NO. 2C90-93,903, HONORABLE JOHN BARINA, JUDGE



 




PER CURIAM

 Appellant was convicted in a nonjury trial of unlawfully carrying a weapon and
fined $150.00. Tex. Pen. Code Ann. § 46.02 (1989). In a single point of error, appellant
contends the evidence is insufficient to support a conviction because the object found in appellant's
car does not fit the statutory definition of a "club." We will affirm the judgment of conviction.

 Appellant contends that the object the police found is a table leg and not a club. 
The Penal Code defines a "club" as "an instrument that is specially designed, made, or adapted
for the purpose of inflicting bodily injury or death by striking a person with the instrument, and
includes but is not limited to the following: (A) blackjack; (B) nightstick; (C) mace;
(D) tomahawk." The State does not dispute that the object was originally a table leg, but argues
that appellant turned this table leg into a nightstick by drilling a hole in it and adding a nylon cord.

 The commentary to section 46.02 notes that:


 [i]nstruments readily capable of inflicting serious injury but not specifically designed
to do so, such as baseball bats and rolling pins, are excluded; if a person carrying
one of them has intent to use them to inflict injury and his criminal design
progresses far enough, however, he can be prosecuted for an attempted or
completed assault . . . .


Searcy & Patterson, Practice Commentary, 3 Tex. Pen. Code Ann. 432 (1989). Thus, appellant's
conviction must be overturned unless there is sufficient evidence in the record that he carried
about his person an instrument specifically designed, made, or adapted for the purpose of
inflicting serious bodily injury or death. See Alexander v. State, 617 S.W.2d 269, 270 (1981).

 In reviewing a point of error that alleges the evidence was factually insufficient to
support the verdict, we must review the record in the light most favorable to the prosecution. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex.
Cr. App. 1981). After examining the object, we conclude that sufficient evidence exists to
support the conviction. The object looks like a nightstick; it has a cord like a nightstick; it can
be held like a nightstick: it is a nightstick. Appellant's point of error is overruled.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: May 8, 1991

[Do Not Publish]