Fidelity & Cas of NY v. Kozak 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-249-CV

     THE FIDELITY & CASUALTY
     COMPANY OF NEW YORK,
                                                                                              Appellant
     v.

     MICHAEL M. (MARION) KOZAK, JR.,
                                                                                              Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 91-05-14,016-CV
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Appellant perfected this appeal from a judgment signed on June 15, 1992. The transcript was
filed on September 28, 1992. Neither a motion for extension of time to file the statement of facts
nor a statement of facts has been received.
      At the time the transcript was filed, Appellant was requested to send the $50 filing fee within
ten days to prevent dismissal. To date, the fee has not been tendered.
      In absence of a statement of facts, the Appellant's brief should have been filed within 30 days
of the filing of the transcript. Neither a motion for extension of time to file a brief nor a brief has
been received.
      The appeal is dismissed for failure to tender costs and for want of prosecution. See Tex. R.
App. P. 13(i) and 74(l)(1).
                                                                                           PER CURIAM
Before Chief Justice Thomas,
      Justice Cummings and
      Justice Vance
Dismissed
Opinion delivered and filed January 6, 1993
Do not publish



 style="font-variant: small-caps">Tex. Pen. Code Ann. § 12.21(3) (Vernon
1994), § 46.02(b) (Vernon Supp. 1998), § 46.05(e) (Vernon 1994). Carter appeals the legal
sufficiency of the evidence supporting both of these convictions. 
      The facts surrounding this case were previously detailed in Carter v. State, 10-97-191-CR
(Tex. App.—Waco Dec. 23, 1997, pet. filed) (not designated for publication)


 and need only be
briefly summarized in this opinion. On December 10, 1996, Carter approached Troy Miles at a
convenience store asking for a ride. Miles took Carter to Wal-Mart. While in the parking lot at
Wal-Mart, Miles began to suspect that Carter and another man were attempting to pull a scam on
him. Miles ordered Carter out of his car and called police to report this suspicious activity. 
Officer Munn responded to this call, and after arriving at the Wal-Mart, he searched Carter’s
Buick.


 Inside the car Officer Munn found a three-hole finger ring and a wooden tire knocker. 
The tire knocker was under the driver’s seat in the vehicle and the three-hole ring was found
beneath the driver’s side floor mat. Officer Munn testified that Carter admitted owning the tire
knocker and wearing the three-hole ring. 
      Carter argued at trial that the tire knocker was not a club as defined by section 46.01(1) of
the Penal Code because it was not designed, made, or adapted for the purpose of causing serious
bodily injury or death, but for use as a tire knocker. See Tex. Pen. Code Ann. § 46.01(1)
(Vernon 1994). Carter also maintained at trial that the three-hole ring found by the officer was not
an illegal pair of knuckles but was jewelry. See Tex. Pen. Code Ann. § 46.01(8) (Vernon 1994). 
      When the legal sufficiency of the evidence supporting a conviction is challenged, we view the
evidence in the light most favorable to the verdict to determine if a rational finder of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979); Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996), cert. denied, — U.S. —, 118 S.Ct. 100 (1997); Nevels v. State, 954 S.W.2d 154, 159
(Tex. App.—Waco 1997, pet. ref’d); Williams v. State, 946 S.W.2d 886, 894 (Tex. App.—Waco
1997, no pet.). In conducting a legal sufficiency review we recognize that the jury resolves
conflicts in the evidence at trial and judges the credibility of witnesses. Jones, 944 S.W.2d at 647;
Nevels, 954 S.W.2d at 160.
I. Possession of a Prohibited Weapon - Knuckles 
      Knuckles are defined in the Penal Code as
any instrument that consists of finger rings or guards made of a hard substance and that
is designed, made, or adapted for the purpose of inflicting serious bodily injury or death
by striking a person with a fist enclosed in the knuckles.

Tex. Pen. Code Ann. § 46.01(8). Section 46.05 of the Penal Code makes it a crime to
intentionally or knowingly possess, manufacture, transport, repair, or sell knuckles. Tex. Pen.
Code Ann. § 46.05(a)(6) (Vernon 1994). There is no requirement that the knuckles be used in
a prohibited manner in order to be convicted for possession of a prohibited weapon. See Hawkins
v. State, 535 S.W.2d 359, 362 (Tex. Crim. App. 1976) (“[T]he moment appellant was placed in
possession of the prohibited weapon the offense of possession of a prohibited weapon was
complete.”). Few cases analyze what type of items meet the definition of a pair of knuckles, but
in Flores v. State the Corpus Christi Court held there was sufficient evidence a device with a
primary metal rod with two prongs protruding was a pair of knuckles. 934 S.W.2d 858, 859
(Tex. App.—Corpus Christi 1996, no pet.). The San Antonio Court has also affirmed a conviction
for possession of knuckles when the item consisted of a locked knife blade with four finger rings,
three of which were broken. Maldonado v. State, 887 S.W.2d 508, 509 (Tex. App.—San Antonio
1994, no pet.). 
      As the record in the instant case did not contain a photo or complete description of this three-hole ring, we directed that the original trial exhibits be sent to the Court for examination. See
Tex. R. App. P. 34.6(g)(2). The alleged “knuckles” consist of three individual rings fused
together with a flat surface on the top, upon which there are two raised lion’s heads and an eagle’s
head. Red and white stones are designed to fit in the animals’ eyes and mouths. The ring is made
of metal, is about three inches wide, and is covered with a textured gold-tone finish. Carter, in
support of his claim that this three-hole ring was jewelry, introduced into evidence a copy of the
magazine Vibe which contains a picture of an individual wearing a four-hole finger ring. Vibe,
Dec.-Jan. 1994-95, at 27.
      After viewing the evidence in the record in the light most favorable to the verdict, we believe
there is legally-sufficient evidence the three-hole ring found by Officer Munn was a pair of
knuckles. The three-hole ring fits the definition of knuckles as it consists of finger rings, is made
of a hard substance, and according to Officer Munn, was designed to cause serious bodily injury
when placed on a person’s hand for use in striking other individuals. See Tex. Pen. Code Ann.
§ 46.01(8). There was also evidence that the knuckles were intentionally or knowingly possessed
by Carter because they were found in his car and because Carter claimed to wear the knuckles as
jewelry. See Tex. Pen. Code Ann. § 46.05(a)(6). Cause number 10-97-235-CR is therefore
affirmed as legally-sufficient evidence shows Carter intentionally or knowingly possessed a
prohibited weapon, knuckles.
II. Unlawful Carrying of a Weapon - Club
      Section 46.02 of the Penal Code makes it an offense to intentionally, knowingly, or recklessly
carry a club. See Tex. Pen. Code Ann. § 46.02(a) (Vernon Supp. 1998). A club is an 
instrument that is specially designed, made, or adapted for the purpose of inflicting
serious bodily injury or death by striking a person with the instrument, and includes but
is not limited to the following: 
(A) blackjack; 
(B) nightstick; 
(C) mace; 
(D) tomahawk

Tex. Pen. Code Ann. § 46.01(1) (Vernon 1994). Items such as a baseball bat or rolling pin,
which may be used to cause serious bodily injury or death, are nevertheless excluded from the
statutory definition of a club because these items are not specifically designed for the purpose of
causing injury. See Alexander v. State, 617 S.W.2d 269, 270 (Tex. Crim. App. [Panel Op.] 1981)
(quoting practice commentary to section 46.02); Coleman v. State, 790 S.W.2d 369, 372 (Tex.
App.—Dallas 1990, no pet.); see also Reisner v. State, 627 S.W.2d 728, 729 (Tex. Crim. App.
[Panel Op.] 1982); Heerma v. State, 786 S.W.2d 532, 533 (Tex. App.—Dallas 1990, no pet.). 
For example, in Alexander v. State the Court of Criminal Appeals held there was insufficient
evidence a twelve inch chain with a nylon cord tied to the last link was a club because there was
no evidence this item was specifically designed, made, or adapted for the purpose of inflicting
serious bodily injury or death. See Alexander, 617 S.W.2d at 270; see also Reisner, 627 S.W.2d
at 728-29 (insufficient evidence a bracelet with twenty-eight half-inch metal studs was a club). 
      The alleged “club” in the instant case is a wooden stick approximately 18 inches long, is
cylindrical in shape, has a black metallic tip, and has a cord attached to the handle. On the stick
there is a label indicating that this is a “HICKORY TIRE KNOCKER” and includes a
manufacturer’s name and a number which are difficult to read. On cross-examination Officer
Munn testified that he was familiar with tire knockers and that the stick seized was a tire knocker. 
Carter, also during his cross-examination of Officer Munn, attempted to demonstrate that tire
knockers are sold for the purpose of testing tire pressure by showing Officer Munn another tire
knocker purchased from a local truck stop.


 
      In deciding Carter’s claim that a tire knocker is not a club, we look to the Dallas Court of
Appeals decision in Coleman v. State which examined this same issue. 790 S.W.2d at 369. In
Coleman, the tire knocker seized was made of hickory wood, was eighteen inches long, cylindrical
in shape, had a leather thong tied through the handle, and had the words “V & B TIRE
KNOCKER” printed on it. Id. at 370. The defendant in Coleman had a professional truck driver
testify that tire knockers are used to bump truck tires to determine if the tire has the correct air
pressure. Id. Faced with this testimony, the Dallas Court concluded that the tire knocker was not
a club because no evidence showed the tire knocker was designed, made, or adapted for the
purpose of striking a person in order to cause serious bodily injury or death. Id. at 372.
      We agree with the holding of the Dallas Court. The State failed to present any evidence the
tire knocker seized by Officer Munn was designed or made for the purpose of inflicting serious
bodily injury or death and not for checking tires. The fact that this item could possibly be used
as a weapon to cause injury does not relieve the prosecution of its burden to prove it was actually
made, designed, or adapted for that purpose. Additionally, we do not believe there is any
evidence Carter adapted the tire knocker to be a weapon. The State argues that this item was
adapted to serve as a club not by “any physical alteration” but because the totality of the
circumstances show Carter did not have a legitimate purpose for possessing the item. The State
believes that because the tire knocker was found with knuckles, during a pigeon drop, and because
tire knockers are generally used to test tires on commercial trucks the jury could infer that Carter
had intended it to serve as a club, and thus, he had adapted it to that purpose. We disagree. There
is no evidence Carter modified the tire knocker in any way to adapt it to serve as a club. See
Merriam-Webster’s Collegiate Dictionary 13 (10th ed. 1993) (defining adapt as “to make
fit (as for a specific or new use or situation) often by modification”). As there is legally-insufficient evidence the tire knocker is a club, Carter’s legal sufficiency point in cause number
10-97-234-CR is sustained. The trial court’s judgment is reversed, and we render a judgment of
acquittal in cause number 10-97-234-CR. See Tex. R. App. P. 43.2(c); Bryant v. State, 905
S.W.2d 457, 460 (Tex. App.—Waco 1995, pet. ref’d).
 
                                                                               BOBBY L. CUMMINGS
                                                                               Justice

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed in Cause No. 10-97-235-CR
Reversed and rendered judgment of acquittal in Cause No. 10-97-234-CR.
Opinion delivered and filed April 1, 1998
Do not publish