**Peter Oliver JACKSON, Jr., Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–93–034–CR.**

Court of Appeals of Texas, Eastland.

Oct. 28, 1993.

statement indicating knowledge of its presence in the house.

James H. Smart, Jr., Smart & Smart, Abilene, for appellant.

James Eidson, Crim. Dist. Atty., Nelda Williams, Cr. Dist. Atty's. Office, Abilene, for appellee.

## OPINION

ARNOT, Justice.

The jury convicted Peter Oliver Jackson, Jr., appellant, of aggravated assault and assessed punishment at five years confinement, probated, and a fine of $5,000. Appellant brings two points of error. We affirm.

Gary Dale Taylor, the complainant, and his wife and baby were driving to a restaurant. While enroute, appellant, driving his mother's car, pulled in front of complainant's car. Both complainant and appellant became angry and parked near a convenience store.

Appellant opened his trunk from inside the car, rushed out of the car to the trunk, and grabbed a broken-off wooden bar stool leg from the trunk. Appellant's mother, a school-bus driver, used the instrument as a "tire thumper" to check for flat tires. A fight ensued. Appellant hit complainant on the head with the bar stool leg. After police officers arrived, complainant was taken to the emergency room by ambulance. He received several stitches and staples to treat the gash in his head.

Appellant asserts in his first point of error that the trial court erred in failing to grant his motion for instructed verdict because there is a fatal variance between the facts alleged in the indictment and the evidence produced at trial. In his second point of error, appellant contends that the evidence is insufficient to show that a "club," as alleged in the indictment, was used to commit the assault of which appellant was convicted. We will address both points of error together.

The second count of the indictment, under which appellant was convicted, charges as follows:

PETER OLIVER JACKSON, JR. did then and there intentionally and knowingly use a deadly weapon, to-wit: A CLUB, that in the manner of its use and intended use is capable of causing death and serious bodily injury, and the said PETER OLIVER JACKSON, JR. did then and there intentionally and knowingly cause bodily injury to GARY DALE TAYLOR by striking him in the head with said deadly weapon.

Appellant asserts that the State, having classified the deadly weapon as a club in the indictment, must prove that the bar stool leg was a club as defined in TEX.PENAL CODE ANN. § 46.01(1) (Vernon 1989). See *Weaver v. State,* 551 S.W.2d 419 (Tex.Cr.App.1977); *Borrego v. State,* 800 S.W.2d 373 (Tex.App.— Corpus Christi 1990, pet'n ref'd).

Section 46.01(1) defines "[c]lub" as:

[A]n instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument, and includes but is not limited to the following: (A) blackjack; (B) nightstick; (C) mace; (D) tomahawk.

Officer Leo Joseph (Joe) Tauer, III, testified that the bar stool leg was not a blackjack, nightstick, mace, or tomahawk and also that the bar stool leg was not an object specially made or designed for the purpose of causing serious bodily injury. Therefore, appellant contends that the State had to prove that the bar stool leg was an object "adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument." We are of the opinion that the State did prove that the bar stool leg was a club as that term is defined in Section 46.-01(1).

Appellant urges that adaptation means changing the physical characteristics of the object for the specific purpose of inflicting serious bodily injury, citing *Reisener v. State,* 627 S.W.2d 728 (Tex.Cr.App.1982); *Alexander v. State,* 617 S.W.2d 269 (Tex.Cr.App. 1981); *Coleman v. State,* 790 S.W.2d 369 (Tex.App.—Dallas 1990, no pet'n); *Heerema v. State,* 786 S.W.2d 532 (Tex.App.—Dallas 1990, no pet'n). All of these cases cited by appellant involve the crime of carrying a prohibited weapon under TEX.PENAL CODE ANN. § 46.02 (Vernon 1989). The

Commentary to Section 46.02, cited with approval in *Meza v. State*, 652 S.W.2d 399 (Tex.Cr.App.1983), states:

> "Club" is also defined functionally in Section 46.01(1) to include only "instruments specially designed, made, or adapted" to inflict serious bodily injury by striking. Instruments readily capable of inflicting serious injury but not specially designed to do so, such as baseball bats and rolling pins, are excluded; *if a person carrying one of them has intent to use them to inflict injury and his criminal design progresses far enough, however, he can be prosecuted for an attempted or completed assault,* see Section 15.01 and Chapter 22. (Emphasis added)

Unlike the crime of carrying a prohibited weapon, appellant was charged with aggravated assault. The statute does not define "adapted." BLACK'S LAW DICTIONARY 35 (rev. 5th ed. 1979) defines "adapted" as: "capable of use." Appellant's use of the bar stool leg as a club to beat the victim was an adaptation of the instrument for the purpose of inflicting serious bodily injury. By its use, appellant adapted the instrument as a club.[1] Therefore, the evidence is sufficient to satisfy the definition of Section 46.01. Appellant's two points of error are overruled.

The judgment of the trial court is affirmed.

---

**1.** In *Ex parte Andrews*, 814 S.W.2d 839 (Tex. App.—Houston [1st Dist.] 1991), *pet'n dism'd*, 831 S.W.2d 326 (1992), the court addressed a similar problem. Appellants were indicted for the unlawful use of a criminal instrument under TEX.PENAL CODE ANN. § 16.01(b) (Vernon Supp.1993). A criminal instrument is defined as *"anything,* the possession, manufacture, or sale of which is not otherwise an offense, that is *specially* designed, made, or *adapted for use* in the commission of an offense." (Emphasis added)

> In *Andrews*, the court noted:
> More specifically, by the way in which the State has sought to charge these appellants in this particular set of cases, the issue becomes whether the manner and means by which a particular alleged criminal instrument is used, is an "adaptation" of that instrument for crimi-

nal purposes within the meaning of the statute. We hold that the gravamen of the offense intended by the language used by the legislature is the physical adaptation of the alleged instrument for a specific criminal intent. *Harris v. State*, 790 S.W.2d 778, 780 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd). We find that any illegality to be proved is in the inherent characteristics of the object itself as adapted, and not in the conduct of defendants in using the object within a particular criminal episode. An object does not become a criminal instrument by the context of its use, but by the limited nature and specialized criminal use of its own distinctive properties.

Unlike *Andrews* and the carrying of prohibited weapons cases, the gravamen of this offense, aggravated assault, is not the possession of the instrument, but its use.