IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-010-CR





GREG NOLAN PRATER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 93CR-541, HONORABLE FRED A. CLARK, JUDGE PRESIDING



 





 A jury convicted appellant of the offense of unlawfully carrying on or about his
person a club. Tex. Penal Code Ann. § 46.02(a) (West 1994). (1) The jury assessed punishment
at thirty days in jail and a fine of $2250.00. On appeal, appellant raises issues concerning the
sufficiency of the evidence and urges that the trial court erred in admitting in evidence his oral
admissions and in refusing to submit a requested jury instruction on parties. We will affirm the
judgment.

 The State's only witness was Tim Kolbe who at the time of trial was a vocational
instructor for the Comal Independent School District. At the time of the alleged offense, Kolbe
was a certified peace officer and a Comal County deputy sheriff. He had a Bachelor of Science
degree in criminal justice and had attended various schools and training courses for law
enforcement officers.

 On November 29, 1992, the Comal County sheriff's office received a report that
some individuals with a red Mustang car in the Canyon Lake area were burning a fire, drinking,
and using loud and obscene language. Officer Kolbe responded to the dispatch, but he did not
find the car or anyone at the reported scene. Sometime later that day, Kolbe was notified that a
red Mustang had been seen at the Rimmlers Crossing area of the Guadalupe River on Rebecca
Creek Road in Comal County.

 Officer Kolbe went to that area and saw a red Mustang car parked at the side of the
road. As Kolbe proceeded to investigate, he confronted some individuals who came up from the
river to a blue car parked nearby. Appellant walked up the road toward Kolbe and as he did so
he ducked behind some brush several times. Appellant at first would not come near Kolbe. When
he did, he appeared very nervous and Kolbe could smell an alcoholic beverage on appellant's
breath. It was beginning to get dark. In answer to Kolbe's question, appellant said the red
Mustang belonged to him. Kolbe asked appellant for identification. Appellant replied that his
driver's license was in his car which was about ten yards away. When appellant went to the car,
Kolbe testified that he followed him for his own safety. Appellant started to rummage around in
some clothing behind the front seat. Kolbe saw in plain view within inches of appellant's fingers,
the club which appellant was later charged with carrying. Kolbe told appellant to move away
from the car. Kolbe asked appellant about the club and appellant said it was his. Officer Kolbe
then arrested and handcuffed appellant.

 Appellant did not testify, but his father testified that the red Mustang belonged to
the father who had placed the club, which belonged to him, in the car. The father said he did not
give appellant permission to drive the car. 

 In his first point of error, appellant asserts that the instrument he was charged with
carrying was not a "club" as defined by statute, therefore as a matter of law, the evidence is
insufficient to support his conviction. A "club" means an instrument that is specially designed,
made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person
with that instrument. Tex. Penal Code Ann. § 46.01(1) (West 1994). (2)

 In reviewing the legal sufficiency of the evidence, the relevant question is whether,
after reviewing the evidence in the light most favorable to the State, any rational trier of fact could
have found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App.
1988). When the State relies on circumstantial evidence, an appellate court no longer applies the
reasonable hypothesis analytical construct. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App.
1991).

 Appellant cites and relies on Meza v. State, 652 S.W.2d 399 (Tex. Crim. App.
1983) and Alexander v. State, 617 S.W.2d 629 (Tex. Crim. App. 1981). In Meza, the court said
there was no evidence that the alleged "club" was an instrument specifically designed, made, or
adapted for the purpose of inflicting serious bodily injury or death. Meza, 652 S.W.2d at 399. 
In Alexander, the court found there was absolutely no evidence that the appellant carried about
his person an instrument specifically designed, made, or adapted for the purpose of inflicting
serious bodily injury or death. Alexander, 617 S.W.2d at 629; see also Coleman v. State, 790
S.W.2d 369 (Tex. App.--Dallas 1990, no pet.); Heerema v. State, 786 S.W.2d 532 (Tex.
App.--Dallas 1990, no pet.).

 In contrast, in this case, Officer Kolbe testified without objection on direct
examination:



Q: Deputy, have you ever in your experience as a police officer, have you ever
seen anything like State's Exhibit Number 1?


A: Yes, I have.


Q: And in your opinion, based on your training and based on your experience,
is State's Exhibit Number 1 a type of club that is specifically designed, made
or adapted for the purpose of inflicting serious bodily injury on or death on
another person by striking them?


A: Yes, sir, it is.



And thereafter on cross-examination by defense counsel:



Q: The State asked you, did they not -- the State asked you if that instrument
right there, which juror number two is holding in her hand, is specially
made, designed, or adapted for the purpose of inflicting serious bodily injury
or death, did they not? And you said yes?


 * * * * *



Q: (By Defense Counsel) All right. Is this instrument right here, then, is this
instrument specially made, designed or adapted for the purpose of inflicting
serious bodily injury or death?


 THE COURT: You want an opinion on that?


Q: (By Defense Counsel) At least in your opinion?


A: In my opinion, yes.



 Officer Kolbe testified that he believed the instrument alleged to be a club had been
modified by boring a hole in the handle for a lanyard and by placing a plastic grip on the handle. 
The alleged club was placed in evidence and examined by the jury. A rational trier of fact could
find from the evidence in this case that the instrument carried by appellant was an instrument
specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death
by striking a person with the instrument. It was a "club" as defined by law. Appellant's first
point of error is overruled.

 In his second and third points of error, appellant argues that his oral admissions that
the club and the car in which it was found belonged to him were obtained by custodial
interrogation in violation of article 38.22 of the Code of Criminal Procedure and therefore were
erroneously admitted in evidence. Tex. Code Crim. Proc. Ann. art. 38.22, § 3 (West Supp.
1994). The State argues that appellant was not in custody when he made these admissions.

 Appellant assumes without discussion that he "was under custodial interrogation
by Officer Tim Kolbe" when he made the admissions. However, the issue is whether appellant
was in custody when he made the admissions. If appellant were not in custody, neither Miranda
v. Arizona, 384 U.S. 436 (1966), nor article 38.22 would render his admissions inadmissible. 
The Supreme Court has recently clarified custody holding that the uncommunicated subjective
intent or belief of an officer is not a proper consideration in determining custody for Miranda
purposes. Stansbury v. California, 114 S. Ct. 1526 (1994). In determining whether an individual
was in custody, a court must examine all of the circumstances surrounding the interrogation, but
the ultimate inquiry is simply whether there was a formal arrest or restraint of freedom of
movement of the degree associated with a formal arrest. Id.; California v. Beheler, 463 U.S.
1121, 1125 (1983).

 When appellant came up from the river he was acting in a suspicious manner. He
kept ducking behind brush, he did not want to come close to Officer Kolbe, and his breath smelled
of an alcoholic beverage. Appellant admitted to owning the red Mustang. In completing his
investigation, Kolbe asked appellant for some identification. Appellant said he had a driver's
license in the car and he voluntarily went over to the car. Officer Kolbe, for his own protection,
followed appellant to the car. Appellant started to rummage through clothes behind the driver's
seat searching for his driver's license and Kolbe saw the club in open view within inches of
appellant's fingers. When he saw the club Officer Kolbe asked appellant to back away from the
car. Kolbe seized the club and appellant admitted he owned the club. It was only after this that
Officer Kolbe formally arrested appellant for carrying a club and for being intoxicated in a public
place. 

 In view of the record, we hold that when appellant made the admissions that
the car and the club belonged to him, he had not been formally arrested or restrained of his
freedom of movement to the degree associated with a formal arrest. See Shiflet v. State, 732
S.W.2d 622, 624 (Tex. Crim. App. 1985). Moreover, whether appellant owned the car or the
club is not necessarily relevant to determining whether appellant was carrying on or about his
person a club. Appellant's second and third points of error are overruled.

 In his fourth point of error, appellant contends that: "The evidence was insufficient
to show appellant had both knowledge of the weapon and exercised control over it." He argues
that there is no evidence he exclusively controlled, used, or even had knowledge of the club. 
Appellant's father testified that both the club and the red Mustang belonged to him and that he put
the club in the red Mustang. Based on this evidence, appellant urges that it was necessary for the
State to show he "possessed" the club, as "possession" is defined in the Penal Code. "Possession"
means actual care, custody, control, or management. Tex. Penal Code Ann. § 1.07(1)(39) (West
1994) (3). Appellant cites and relies on cases applying the term possession to controlled substances
cases.

 Appellant makes the same argument made in Christian v. State, 686 S.W.2d 930
(Tex. Crim. App. 1985). In that case, the Court of Criminal Appeals fully discussed the matter
and declined to equate the element of "carrying on or about the person" as defined and used in
section 46.02 with the element of "possession" defined in section 1.07(1)(28) and used in
possessory offenses found in the Controlled Substances Act and other possessory offenses found
in the Penal Code.

 The club was in plain view only inches from the appellant's fingers when he was
searching for his driver's license. The jury could infer that appellant had knowledge of the club
and that he was carrying it on or about his person. Courts have recognized that "on or about [the]
person" includes the interior of an automobile. Christian, 686 S.W.2d at 933; Contreras v. State,
853 S.W.2d 694, 696 (Tex. App.--Houston [1st Dist.] 1993, no pet.). Appellant's fourth point
of error is overruled.

 In his fifth point of error, appellant insists that the trial court erred in refusing to
submit his requested charge on parties that "mere presence alone will not constitute one a party
to a crime." Appellant argues that the requested charge was appropriate in light of appellant's
father's testimony that the car and the club belonged to him and that he put the club in the car. 
Appellant also incorporates in this argument that the State must show appellant "possessed" the
club. This argument has already been discussed.

 Appellant's argument that he was entitled to a charge on parties would require that
his father or someone else was guilty of carrying on or about his person a club. See Tex. Penal
Code Ann. §§ 7.21 and 7.22 (West 1994). There is no such evidence. Appellant's father was
not on the scene and could not be guilty of the offense of carrying the club on or about his person. 
The trial court did not err in refusing to submit appellant's requested instruction on parties. 
Appellant's fifth point of error is overruled.

 The judgment is affirmed.




 

 Carl E. F. Dally, Justice

Before Justices Powers, Kidd and Dally*

Affirmed

Filed: January 11, 1995

Do Not Publish











































* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   The 1994 amendments to section 46.02(a) are not relevant to this cause and the current code
is cited for convenience.
2.   The 1994 amendments to section 46.01(1) are not relevant to this cause and the current code
is cited for convenience.
3.   The current code is cited for convenience. The same definition of "possession" before the
1994 amendments was § 1.07(1)(28).