

NUMBER 13-08-00156-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

THE STATE OF TEXAS, **Appellant,**

**v.**

RODNEY A. ORTIZ, **Appellee.**

**On appeal from the 94th District Court
of Nueces County, Texas.**

# O P I N I O N

**Before Chief Justice Valdez and Justices Garza and Vela
Opinion by Chief Justice Valdez**

The State appeals a trial court's order granting a motion to suppress filed by appellee, Rodney Ortiz. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (Vernon Supp. 2008). In a single issue, the State contends that the trial court erred in granting Ortiz's motion because the arresting officer had probable cause and authority to arrest Ortiz. We

affirm.

## I. BACKGROUND

On August 23, 2007, Ortiz was indicted for possession of more than four but less than two hundred grams of cocaine that was discovered by police during a traffic stop and arrest. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (Vernon 2003). Ortiz filed a written motion to suppress any physical evidence, contraband, or testimony from law enforcement officers regarding the arrest. Ortiz alleged that the evidence was seized during an illegal traffic stop, arrest, and incident search, and that use of the evidence violated his federal and state constitutional rights and several articles of the code of criminal procedure. *See e.g.*, U.S. CONST. amend. IV, V, XIV. The State did not respond in writing to Ortiz's motion.

At the suppression hearing, Officer Mike Garcia, a Corpus Christi police officer and the State's only witness, testified that on May 12, 2007, he stopped a vehicle driven by Ortiz because it had an expired registration sticker. Officer Garcia stated that as he approached Ortiz's vehicle, Ortiz opened the car door, and Officer Garcia saw a wooden club in between the door and the driver's seat. Officer Garcia then arrested Ortiz for possession of a prohibited weapon, searched him, and placed him in Officer Garcia's squad car. *See* TEX. PENAL CODE ANN. § 46.05 (Vernon Supp. 2008).[1] During the search, Officer Garcia discovered what he believed was a "little baggy" of cocaine in Ortiz's pocket.

After Ortiz was placed in the squad car, Officer Garcia called for backup, and he and another officer approached the passenger of the vehicle and asked him to exit. The

---

[1] Although Officer Garcia testified that he arrested Ortiz for possession of a prohibited weapon, s*ee* TEX. PENAL CODE ANN. § 46.05 (Vernon Supp. 2008), the State contends that he meant unlawful carrying of a weapon. *See id*. § 46.02 (Vernon Supp. 2008).

2

officers then searched the vehicle, and they discovered a baggy containing a green leafy substance that they believed to be marihuana, a baggy containing white rocks that they believed to be crack cocaine, two crack pipes, a scale, and a handgun.

On cross examination by Ortiz's counsel, Officer Garcia testified that the club was a "tire buddy," that it is used for checking the air pressure of tires, and that it is an item that may be in a person's car. When asked whether the club had been modified in any way, Officer Garcia responded, "It hasn't been modified." Officer Garcia further testified that his search was based upon Ortiz's arrest.

Ortiz did not present any testimony. Instead, Ortiz argued that the tire buddy could not be considered a club under the penal code because there was no evidence that it was modified. *See* TEX. PENAL CODE ANN. § 46.01(1) (Vernon Supp. 2008) (defining a club as "an instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument . . . ."). Therefore, according to Ortiz, Officer Garcia could not have arrested Ortiz for unlawful carrying of a weapon because an unmodified tire buddy is not a weapon under the penal code. Ortiz provided the trial court with three cases which he claimed supported his argument. *See Alexander v. State*, 617 S.W.2d 269 (Tex. Crim. App. 1981); *Coleman v. State*, 790 S.W.2d 369 (Tex. App.–Dallas 1990, no pet.)*; see also Low v. State*, No. 05-03-01217-CR, 2004 Tex. App. LEXIS 9715 (Tex. App.–Dallas 2004, pet ref'd) (not designated for publication).

The State, without researching Ortiz's argument, responded by speculating that the facts of the instant case were distinguishable from the cases that Ortiz cited. The State argued that in this case, the tire buddy was not stored in the trunk of the car, where tools

are usually kept, but was by Ortiz's side, where it could have been easily employed as a weapon. Therefore, according to the State, the arrest was supported by probable cause. The trial court asked the State to provide supporting authority for its argument, and it took the matter under advisement.[2]

The trial court granted Ortiz's motion to suppress and issued findings of fact and conclusions of law. None of the factual findings are in dispute. However, the State takes issue with the trial court's conclusions that Officer Garcia lacked probable cause to arrest Ortiz for possession of a prohibited weapon and that all evidence obtained as a result of the illegal arrest should be suppressed. This appeal ensued.

## II. DISCUSSION

In its sole issue, the State theorizes that the arrest and incident search were proper because: (1) police officers can arrest, without a warrant, any offender for certain transportation code violations, *see* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999); and (2) even though Officer Garcia thought that the tire buddy was a prohibited weapon and a violation of section 46.05 of the penal code, there was evidence of unlawful carrying of a weapon under section 46.02 of the penal code because the tire buddy could be considered a club due to its proximity to Ortiz.

Ortiz contends that the State waived its first theory by not presenting it to the trial court. We agree. "In cases in which the State is the party appealing, the basic principle of appellate jurisprudence that points not argued at trial are deemed to be waived applies equally to the State and the defense." *State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim.

---

[2] The record does not show that the State ever complied with the trial court's request.

App. 1998). Therefore, we cannot reverse the trial court's decision on a theory that the State did not present to it. *Id.*; *see also State v. Huddleston*, 164 S.W.3d 711, 716 (Tex. App.–Austin 2005, no pet.).

## A. Standard of Review

We review the trial court's decision on a motion to suppress evidence by applying a bifurcated standard of review, deferring to the trial court's determination of historical facts that depend on credibility, but reviewing de novo the trial court's application of the law. *Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007); *see Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006); *see Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). Generally, after granting deference to the trial court's determination of historical facts, we review de novo determinations of reasonable suspicion and probable cause. *Guzman*, 955 S.W.2d at 87.

## B. Probable Cause & Unlawful Carrying of Weapons

In this case, the trial court concluded that Officer Garcia legally stopped Ortiz's vehicle for driving with an expired registration sticker, and neither party challenges that conclusion. The issue in dispute is whether Officer Garcia had probable cause to arrest Ortiz.

Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe an offense

5

has been or is being committed. *See Amores v. State*, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991). The determination of probable cause hinges on "the factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act." *Woodward v. State*, 668 S.W.2d 337, 345 (Tex. Crim. App. 1982) (op. on reh'g) (internal citation omitted). Probable cause requires more than mere suspicion but far less evidence than that needed to support a conviction or to support a finding by a preponderance of the evidence. *See id*. The rule of probable cause seeks to accommodate the sometimes opposing interests of: (1) safeguarding citizens from rash and unreasonable police conduct and (2) giving fair leeway to legitimate law enforcement efforts. *See id.* at 345-46.

At the time Ortiz was arrested, section 46.05 of the penal code, the unlawful carrying of a weapon statute, provided in relevant part that a "person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." Act of June 20, 1997, 75th Leg., R.S., ch. 1261, § 24 (amended 2007) (current version at TEX. PENAL CODE ANN. § 46.02 (Vernon Supp. 2008)).[3] A club is defined as "an instrument that is specially designed, made, or adapted for the purpose of inflicting serious bodily injury or death by striking a person with the instrument . . . ." TEX. PENAL

---

[3] The current version of section 46.02 of the penal code provides in relevant part that:

(a)      A person commits an offense if the person intentionally, knowingly, or recklessly carries on or about his or her person a handgun, illegal knife, or club if the person is not:

    (1)      on the person's own premises or premises under the person's control; or

    (2)      inside of or directly en route to a motor vehicle that is owned by the person or under the person's control.

TEX. PENAL CODE ANN. § 46.02 (Vernon Supp. 2008).

CODE ANN. § 46.01(1).

In *Meza v. State*, the court of criminal appeals held that there must be some evidence that a "club" was an instrument specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death in order for an unlawful carrying of a weapon conviction based upon a criminal defendant's possession of a "club" to survive a legal sufficiency challenge. 652 S.W.2d 399, 400 (Tex. Crim. App. 1983); *see Coleman v. State*, 790 S.W.2d 369, 372 (Tex. App.–Dallas 1990, no pet.) ("We cannot infer that an instrument merely described as a 'club' is an instrument specifically designed, made, or adapted for the purpose of inflicting serious bodily injury or death."); *see also Low v. State*, 2004 Tex. App. LEXIS 9715, at *9-10.

Relying on the code of criminal procedure, the State argues that Officer Garcia perceived the tire buddy to be a club because of its proximity to Ortiz,, and he, therefore, had probable cause to arrest Ortiz and search him. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) ("A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.") (Vernon 2005). Ortiz responds by arguing that this case is indistinguishable from *Low v. State*, 2004 Tex. App. LEXIS 9715, at *9-10. We agree.

In *Low*, the criminal defendant was detained in his vehicle while he was trying to leave a movie theater parking lot by a police officer investing automobile break-ins. *Id*. at *2. The officer called for back up, and when the back up officer approached the passenger's side of the vehicle, he yelled, "He's got a stick, he's got a weapon." *Id*. The defendant was arrested, charged, and convicted for unlawful carrying of a weapon,

7

specifically, a club. *Id*. At trial, the officer described the "stick" and testified that it could be used to inflict an injury on another. *Id*. at *5. The defendant's father testified that he fashioned the stick from the handle of a shovel or broom and that it was designed to knock against tires to check tire pressure. *Id.* at *6. The Dallas Court of Appeals reversed the conviction and rendered an acquittal because it found that the State did not meet its burden to prove that the "stick" was a "club" pursuant to section 46.01(1) of the penal code. *Id*. at * 10.

The State contends that the tire buddy's proximity to Ortiz could allow a reasonable and prudent person to infer that it could be used as a weapon. The legislature, however, has not criminalized such an inference, but instead chose to define a club as "an instrument that is *specially designed, made, or adapted* for the purpose of inflicting serious bodily injury or death by striking a person with the instrument . . . ." TEX. PENAL CODE ANN. § 46.01(1) (emphasis added). The State did not produce any evidence that the instrument in Ortiz's car had been "specially designed, made, or adapted" in any way. Moreover, when asked by Ortiz's counsel on cross-examination whether the "club" had been modified in any way, Officer Garcia responded, "It hasn't been modified." Thus, the State's own witness provided testimony that undermined its assertion that the tire buddy was a club.

In this case, Officer Garcia did not present any testimony that would lead a reasonable and prudent person to believe that the tire buddy was a club, as defined by the penal code. Therefore, the trial court did not err by holding that Officer Garcia lacked probable cause to arrest Ortiz for unlawful carrying of a weapon and by granting Ortiz's motion to suppress.

The State's sole issue is overruled.

### III. CONCLUSION

The trial court's order granting Ortiz's motion to suppress is affirmed.

 

_____
ROGELIO VALDEZ
Chief Justice

Publish. TEX. R. APP. P. 47.2(b)
Opinion delivered and filed
this the 23rd day of April, 2009.